

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 30, 2020**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VANTAGE BENEFITS | § | CASE NO. 18-31351-SGJ-7 |
| ADMINISTRATORS, INC. | § | (CHAPTER 7) |
|    DEBTOR. | § | |
| _____ | § | |
| JEFFREY MIMS, as Chapter 7 Trustee of | § | |
| Vantage Benefits Administrators, Inc. | § | ADVERSARY NO. 20-03055 |
|    PLAINTIFF, | § | (CIV. ACTION #3:20-CV-01346-G) |
| | § | |
| VS. | § | |
| | § | |
| MATRIX TRUST COMPANY, MATRIX | § | |
| SETTLEMENT & CLEARANCE | § | |
| SERVICES LLC, JEFFREY RICHIE | § | |
| and WENDY RICHIE | § | |
|    DEFENDANTS. | § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT PROPOSING THAT IT: (A) GRANT MATRIX'S UNOPPOSED MOTION TO WITHDRAW THE REFERENCE (CIV. ACTION #3:20-CV-01346-G) AT SUCH TIME AS THE BANKRUPTCY COURT CERTIFIES THAT LITIGATION IS TRIAL-READY; AND (B) DEFER TO BANKRUPTCY COURT THE HANDLING OF ALL PRE-TRIAL MATTERS

# Table of Contents

I.     INTRODUCTION ................................................................................................................ 3

II.    BRIEF RECOMMENDATION ............................................................................................ 5

III.   NATURE OF THE ADVERSARY PROCEEDING ...................................................... 5

     A.     The Parties. ........................................................................................................ 5

     B.     The Procedural History. .................................................................................. 6

     C.     The Claims. ......................................................................................................... 7

IV.   ANALYSIS ......................................................................................................................... 9

V.    PENDING MATTERS ...................................................................................................... 11

VI.   RECOMMENDATION ...................................................................................................... 11

## I.    INTRODUCTION

The above-referenced Adversary Proceeding arises in the Chapter 7 bankruptcy case of a defunct benefits administrator called Vantage Benefits Administrators, Inc. ("Vantage," or the "Debtor"). In response to an FBI raid on Vantage's offices and several civil claims against Vantage, certain pre-petition creditors filed an Involuntary Chapter 7 Petition on April 19, 2018.[1] The bankruptcy court entered its Order for Relief on June 4, 2018.[2] Shortly thereafter, Mr. Jeffrey Mims was appointed as Chapter 7 Trustee (the "Trustee") of the bankruptcy case.

The Trustee initiated this Adversary Proceeding nearly two years later, suing its former owners, Jeffrey and Wendy Richie (the "Richies"), for damages the Debtor sustained in connection with the Richies' theft of approximately $14 million from more than a dozen retirement benefit plans administered by Vantage. The Trustee also brought suit against its custodian, Matrix Trust Company ("Matrix Trust") and Matrix Settlement & Clearance Services, LLC ("Matrix Settlement" and, collectively with Matrix Trust, "Matrix"). Vantage required Matrix's custodial services because benefits administrators, like Vantage, cannot hold title to assets or disburse funds. Matrix, as a chartered bank, could hold assets and make disbursements from the retirement accounts. The Trustee claims that, among other things, Matrix utterly failed in this role, making the thefts possible.

Matrix filed its Unopposed Motion to Withdraw the Reference (the "Motion to Withdraw") on May 20, 2020 in both the Adversary Proceeding and the Debtor's bankruptcy case.[3] In its Motion to Withdraw, Matrix argues that withdrawal of the reference is ***mandatory*** "because

---

[1] Case No. 18-31351, ECF No. 1.

[2] Case No. 18-31351, ECF No. 13.

[3] Case No. 18-31251, ECF No. 110; Adv. No. 20-03055, ECF No. 22. To be clear, Matrix only seeks withdrawal of the reference in the Adversary Proceeding, not the entire underlying bankruptcy case.

resolution of the Trustee's claims requires substantial consideration of ERISA law and issues at the intersection of bankruptcy and ERISA law."[4] Alternatively, Matrix contends that permissive withdrawal is appropriate because the Trustee's claims against it are non-core claims and Matrix has refused to consent to final adjudication by the bankruptcy court over non-core matters or the bankruptcy court presiding over a jury trial.[5]

The Trustee and Matrix subsequently filed their Stipulation,[6] essentially agreeing that permissive withdrawal is appropriate in this case. Specifically, the Trustee indicated he supports and will not oppose withdrawal of the reference in the Adversary Proceeding. The Trustee and Matrix also agreed that "(i) the claims asserted by the Trustee in the Adversary are non-core claims, (ii) the Trustee's claims and Matrix's defenses thereto are all to be tried by the District Court, and (iii) Matrix and the Trustee are entitled to a jury trial[.]" Further, the Trustee and Matrix agreed that the Bankruptcy Court would hear all pre-trial matters in the Adversary Proceeding.

On June 11, 2020, the bankruptcy court conducted a status conference concerning the Motion to Withdraw pursuant to 11 U.S.C. § 105(d) and L.B.R. 5011-1. Upon consideration of the Motion to Withdraw and the Stipulation, and after conferring with counsel for the Trustee and Matrix at the status conference, the bankruptcy court submits the following report to the United States District Court:

---

[4] *See* 11 U.S.C. § 157(d) ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."); *see also In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992) ("Before withdrawing the reference, the district court must make an 'affirmative determination' that the relevant non-code legal issues will require substantial and material consideration, and the court must be satisfied that consideration of these federal laws requires '*significant interpretation*' on the part of the court") (emphasis added).

[5] *See* 28 U.S.C. § 157(b); 28 U.S.C. § 1334(b). *See also* 28 U.S.C. § 157(e) (mandating that, where a party demands and has a right to a jury trial, it must be conducted in the District Court unless all parties expressly consent to the bankruptcy court presiding over a jury trial).

[6] Case No. 18-31351, ECF No. 109.

## II.    BRIEF RECOMMENDATION

The bankruptcy court recommends that the Motion to Withdraw be granted, but only at such time as the bankruptcy court certifies to the District Court that the litigation is trial-ready. The bankruptcy court recommends that the District Court defer to the bankruptcy court the handling of all pre-trial matters, including discovery and making reports and recommendations on dispositive motions.

## III.    NATURE OF THE ADVERSARY PROCEEDING

In the Trustee's Original Complaint (the "Complaint"), he has asserted nine causes of action against the Defendants, all of which are non-core claims. A comprehensive understanding of the matters involved requires a thorough reading of the pleadings, but the nature of this Adversary Proceeding can be summarized as follows.

### A.    The Parties.

There are five parties in this Adversary Proceeding—the Plaintiff Trustee, and four Defendants. The two individual Defendants are the Richies. Mr. Richie owned 50 percent of the Debtor's stock and served as its President and Chief Executive Officer.[7] Ms. Richie was the Vice President of Administration, owning 49 percent of the Debtor's stock.[8] On October 25, 2017, the FBI raided the Debtor's offices after investigating whistleblower tips that the Richies embezzled millions that the Debtor had held in trust for the benefit of third-party employee retirement plans.[9] The Richies were subsequently indicted by the United States Department of Justice.[10] The Richies

---

[7] Criminal Action No. 3:18-CR-540-L, ECF No. 1.

[8] *Id.*

[9] Adv. No. 20-03055, ECF No 1.

[10] Criminal Action No. 3:18-CR-540-L, ECF No. 1.

each entered into a plea agreement, pleading guilty to some of the counts contained in the indictment.[11] They await court approval of their respective plea agreements and sentencing.

The two corporate Defendants are Matrix Trust and Matrix Settlement. Matrix Trust is a Colorado chartered bank who acted as the trust company, holding retirement contributions for the benefit of Vantage's clients. It is less than clear from the Complaint, but it appears that Matrix Settlement acted as an intermediary for Matrix Trust; it received disbursement requests from the Debtor through its automated system and transmitted those disbursement requests to Matrix Trust. Matrix Trust would then release funds to Matrix Settlement, who in turn, would disburse funds in accordance with the disbursement request.

## B. The Procedural History.

The Trustee initiated this action on April 6, 2020, by filing his Original Complaint (the "Complaint")[12] against Matrix and the Richies. In the Complaint, the Trustee seeks actual and exemplary damages from the Defendants arising from the Richies' alleged theft of approximately $14 million from more than a dozen retirement benefit plans and Matrix's purported role in that theft.

Matrix was served with the Complaint on April 9, 2020.[13] Matrix's deadline to answer or otherwise respond to the Complaint has been extended to July 29, 2020.[14] The Richies have not been served. The Trustee claims that he has attempted service, but has thus far been unable to locate the Richies.[15]

---

[11] Criminal Action No. 3:18-CR-540-L, ECF Nos. 41 and 45.

[12] Adv. No. 20-03055, ECF No. 1.

[13] Adv. No. 20-03055, ECF Nos. 6 and 7.

[14] Adv. No. 20-03055, ECF No. 33.

[15] Adv. No. 20-03055, ECF No. 30.

On May 12, 2020, Matrix filed its Motion to Withdraw Proofs of Claim.[16] The primary reason Matrix filed that motion was out of concern that filing a proof of claim can deprive a creditor of its right to a jury trial. The Trustee stipulated to Matrix's right to a jury trial and filed his Notice of Non-Opposition to Matrix's Motion to Withdraw Proofs of Claim. The court signed an order granting the Motion to Withdraw Proofs of Claim on June 10, 2020.[17]

Shortly after filing its Motion to Withdraw Proofs of Claim, it filed this Motion to Withdraw. As stated above, the Trustee and Matrix filed the Stipulation, in which the Trustee agreed to support the Motion to Withdraw, and both parties agreed that:

- the claims asserted by the Trustee in the Adversary Proceeding are non-core claims;

- the Trustee's claims and Matrix's defenses thereto are all to be tried by the District Court; and

- the bankruptcy court would hear all pre-trial matters in the Adversary Proceeding.

In accordance with L.B.R. 5011-1(a), the court held a status conference on the Motion to Withdraw on June 11, 2020, at which time the Trustee and Matrix confirmed their agreement regarding the Motion to Withdraw and how they envisioned the Adversary Proceeding to go forward. Matrix and the Trustee also announced that they had agreed on a scheduling order, with a proposed trial date setting, beginning on **August 23, 2021**, to the extent that the District Court can accommodate that date. The court signed an order approving the scheduling order on June 11, 2020.[18] A copy of the scheduling order is attached to this Report and Recommendation.

### C. The Claims.

The Trustee has asserted the following nine causes of action against Matrix:

---

[16] Case No. 18-31351, ECF No. 106.

[17] Case No. 18-31351, ECF No. 119.

[18] Adv. No. 20-03055, ECF No. 33.

| Pg. | Count No. | Claim |
|---|---|---|
| 12 | 1 | Breach of Contract |
| 13 | 2 | Negligence |
| 13 | 3 | Willful Misconduct and Gross Negligence |
| 14 | 4 | UCC Duty of Good Faith and Commercial Reasonableness |
| 15 | 5 | State Law Breach of Fiduciary Duties (for Non-ERISA Plans) |
| 16 | 6 | Breach of Fiduciary Duty and State Law Aiding and Abetting (for Non-ERISA Plans) |
| 16 | 7 | ERISA Breach of Fiduciary Duties |
| 17 | 8 | ERISA Prohibited Transactions |
| 18 | 9 | ERISA Co-Fiduciary Liability |

These claims stem from the Richies' alleged theft of more than $14 million from their clients' retirement accounts, most of which were qualified plans under ERISA.[19] They perpetuated the theft by directing Matrix to make disbursements from retirement accounts to bank accounts controlled by the Richies.[20] The Trustee alleges that Matrix, as custodian of these accounts, failed to implement procedures or controls, which the Trustee contends would have prevented these thefts. "Instead, Matrix designed its business to be highly automated and operate with no human or computer oversight. For this reason, Matrix ignored multiple red flags and tell-tale signs contained within its own information system."[21] The Trustee claims that Matrix was aware of, and complicit in, the Richies' illegal activity as they knew the payments were illegal because Matrix's own records and transaction reports reflected the receiving bank account as belonging to the Debtor.[22] The Defendants' acts caused significant harm to the Debtor, spurring litigation against it throughout the United States, culminating in the Debtor's bankruptcy.[23]

---

[19] ECF No. 1, p. 5.

[20] *Id*. at p. 8.

[21] *Id*. at p. 6.

[22] *Id*. at p. 10.

[23] *Id*. at p. 12.

# IV.   ANALYSIS

Withdrawal of the reference is governed by 28 U.S.C. § 157(d), which provides, in relevant part, that the District Court may withdraw "in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."   In *Holland America Insurance Company v. Succession of Roy*, the Fifth Circuit stated that, in ruling upon a motion to withdraw the reference, a court should consider multiple factors, including:  (1) whether the matter involves core, non-core, or mixed issues, (2) whether or not there has been a jury demand, (3) the effect of withdrawal on judicial economy, (4) the effect of withdrawal on the goal of reducing forum shopping, (5) uniformity in bankruptcy administration, (6) the effect of withdrawal on fostering the economical use of the parties' resources, and (7) the effect of withdrawal on the goal of expediting the bankruptcy process.[24]

Further, pursuant to L.B.R. 5011-1, this Court must consider the following additional factors, as relevant: (1) whether any response to the motion to withdraw reference was filed, (2) whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw reference has been filed, in which court the motion was filed, and the status of the motion, (3) whether the proceeding is core, non-core, or mixed and, with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the bankruptcy court, (4) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial, (5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial, (6) whether a scheduling order has been entered

---

[24] 777 F.2d 992, 998-99 (5th Cir. 1985).

in the proceeding, (7) whether the parties are ready for trial, (8) the bankruptcy court's recommendation, and (9) any other matters relevant to the decision to withdraw the reference.

While the Trustee and Matrix's Stipulation constitutes an agreement that these factors are satisfied, there remains the problem of the unserved defendants, the Richies. This problem requires the court to weigh the *Holland* factors and the factors set forth in this District's local bankruptcy rules. Analysis of these factors weigh heavily in favor of withdrawal:

1. core, non-core, or mixed issues – the state and Federal law claims are non-core,[25] the Adversary Proceeding is related to the Debtor's bankruptcy case as "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy",[26] but the claims do not arise under or arise in a case under title 11 of the United States Code;

2. whether or not there has been a jury demand – Matrix has made a jury demand and it has a right to a jury in this context;

3. the effect of withdrawal on judicial economy – claims are non-core; absent consent, the District Court must issue final judgments and conduct a jury trial;

4. the effect of withdrawal on the goal of reducing forum shopping – the claims are non-core; absent consent, the District Court is the proper forum;

5. uniformity in bankruptcy administration – the bankruptcy court is already familiar with the facts of the underlying action, weighing against withdrawal;

6. the effect of withdrawal on fostering the economical use of the parties' resources – there is no concern that withdrawal of the reference will impact the economical use of the parties' resources; the Trustee has stipulated to withdrawal, presumably after considering the impact on the estate's resources;

7. the effect of withdrawal on the goal of expediting the bankruptcy process – there is no concern that withdrawal of the reference will slow administration of the bankruptcy cases, especially where the bankruptcy court will handle all pre-trial matters;

8. response filed – Stipulation filed agreeing to withdrawal as to Matrix and the Trustee;

---

[25] The only potential argument that these claims were non-core was resolved when the bankruptcy court signed its order on June 11, 2020 granting Matrix's Motion to Withdraw Proofs of Claim.

[26] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).

9. motion to stay the proceeding pending the district court's decision on the motion to withdraw reference – none filed;

10. consent – Matrix and the Trustee do not consent to entry of a final order by the bankruptcy court; irrelevant if Richies consent because *all* parties must consent;

11. whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial – jury trial timely requested, no consent to the bankruptcy judge conducting a jury trial;

12. whether a scheduling order has been entered in the proceeding – yes; attached;

13. whether the parties are ready for trial – no;

14. the bankruptcy court's recommendation – the bankruptcy court recommends withdrawal; and

15. any other matters relevant to the decision to withdraw the reference – it is unlikely that the Richies will meaningfully participate in this case as they face imminent incarceration.

## V.   PENDING MATTERS

The Adversary Proceeding has not been stayed pending a determination of the Motion to Withdraw, pursuant to Fed. R. Bankr. P. 5011. A motion to stay the Adversary Proceeding is not pending. The bankruptcy court has entered a scheduling order, but, at this point, the parties are not ready for trial.

## VI.   RECOMMENDATION

In light of Matrix's and the Trustee's Stipulation and the bankruptcy court's analysis of the *Holland* and L.B.R. 5011-1 factors, the bankruptcy court recommends that the District Court grant the Motion to Withdraw upon certification by the bankruptcy court that the parties are ready for trial.[27] The bankruptcy court further recommends that it be allowed to preside over pre-trial matters

---

[27] As previously indicated, the parties have proposed a trial date setting, beginning on August 23, 2021, to the extent that the District Court can accommodate this request.

11

such as discovery and pre-trial motions, so as to essentially function like a magistrate. Then, at such time as the parties are trial-ready, the District Court would be notified and can withdraw the reference at that time. Additionally, in the event the bankruptcy court deems it appropriate to grant any dispositive motion, it can prepare a report and recommendation to the District Court and the District Court can rule on it.[28]

***END OF REPORT AND RECOMMENDATION***

---

[28] *See* 28 U.S.C. § 157(c)(1); *Executive Benefits Ins. Agency v. Arkinson*, 134 S. Ct. 2165 (2014).