Jerry C. Alexander
State Bar No. 00993500
alexanderj@passmanjones.com
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, TX 75270-2599
214-742-2121 telephone
214-748-7949 facsimile

*Special Counsel for the Trustee*

Justin N. Bryan
State Bar No. 24072006
jbryan@mccathernlaw.com
Jesse Showalter
State Bar No. 24086800
jshowalter@mccathernlaw.com
MCCATHERN, PLLC
3710 Rawlins, Suite 1600
Dallas, Texas 75219
214-741-2662 Telephone
214-741-4717 Facsimile

*Special Counsel for the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **VANTAGE BENEFITS** | § | Case No. 18-31351-sgj7 |
| **ADMINISTRATORS, INC.** | § | Chapter 7 |
| | § | |
| **Debtor.** | § | |
| | § | |
| **JEFFREY MIMS, as Chapter 7** | § | |
| **Bankruptcy Trustee of Vantage Benefits** | § | |
| **Administrators, Inc.** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Adversary Case No. 20-03055-sgj |
| | § | |
| **MATRIX TRUST COMPANY, et al.,** | § | |
| | § | |
| *Defendants,* | § | |

**TRUSTEE'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS MATRIX TRUST COMPANY AND MATRIX SETTLEMENT AND CLEARANCE SERVICES, LLC MOTION TO EXCLUDE EVIDENCE FROM THE SUMMARY JUDGMENT RECORD**

COMES NOW, Jeffrey Mims, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estate of Debtor Vantage Benefits Administrators, Inc. ("***Debtor***"), and files this Response and Brief in Opposition (the "***Response Brief***") to Defendants Matrix Trust Company and Matrix Settlement and Clearance Services, LLC[1] Motion to Exclude Evidence from the Summary Judgment Record (the "***Motion***") and respectfully shows the Court as follows:

---
[1] Collectively, "***Matrix***."

**TABLE OF CONTENTS**

I.   INTRODUCTION AND SUMMARY ................................................................................ 1

II.  SUMMARY JUDGMENT EVIDENCE .......................................................................... 1

III. ARGUMENT AND AUTHORITIES ................................................................................ 1

   A.   Exhibit G ................................................................................................................ 1

   B.   Exhibit E ................................................................................................................. 3

      i.   Matrix 802 Argument has been Cured. ........................................................ 3

      ii.  Schwartz is Qualified to Offer Opinions. ..................................................... 3

      iii. Schwartz has the Requisite Knowledge, Training, and Experience ............................................................................................... 4

      iv.  Schwartz's Opinions are not Inappropriate "Legal Conclusions". ................................................................................................ 5

      v.   Schwartz's Offers Opinions not Easily Understood by Lay Person. ......................................................................................................... 5

IV.  CONCLUSION ................................................................................................................. 6

TRUSTEE'S RESPONSE AND BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANTS MATRIX TRUST COMPANY
AND MATRIX SETTLEMENT AND CLEARANCE SERVICES, LLC MOTION FOR SUMMARY JUDGMENT

Page ii

# I.
# INTRODUCTION AND SUMMARY

1.  Matrix's Motion is premised on objections to two pieces of evidence, Trustee's Exhibits E (the unsown expert report of Gary M. Schwartz) and Exhibit G (a summary of evidence under Federal Rules of Evidence 1006).

2.  The evidence Matrix seeks to exclude can and has been cured. Further, the Trustee would request the evidence attached to this Response Brief should be incorporated into the Summary Judgment Record.

# II.
# SUMMARY JUDGMENT EVIDENCE

3.  In support of this Response Brief, the Trustee relies on the following evidence, attached to this Response Brief in the accompanying Appendix and incorporated herein by reference:

- **Exhibit I:**   Sworn Affidavit of Gary M. Schwartz and his attached report.

# III.
# ARGUMENT AND AUTHORITIES

**A.   Exhibit G**

4.  Matrix seeks to exclude Exhibit G from the records stating that "Exhibit G is an unexplained spreadsheet that … lacks foundation, … is inadmissible hearsay, … and is an inadmissible summary that does not comport with Federal Rules of Evidence 1006. *See* Dkt. No. 216 at p. 11.

5.  The basis for Matrix's arguments focuses on the assumption that the Trustee has manipulated the data within Exhibit G and does not disclose what data was omitted or why, and that the Trustee made no attempt to authenticate Exhibit G. However, these arguments are misleading.

6.     The data in Exhibit G was pulled from excel documents produced by Matrix during the course of discovery. Specifically, excel documents identified as DEF_000001 produced on or about April 9, 2020 and MATRIX_00008008_CONFIDENTIAL (collectively "Matrix Excel Documents") produced in response to the Court's October 21, 2022 order compelling document production. *See* Dkt. No. 144. The information contained in Exhibit G was extracted directly from the Matrix Excel Documents, and while some irrelevant data may have been removed from the original documents, the data itself is true and accurate; therefore, defeating Matrix's first argument that Exhibit G lacks foundation.

7.     The information in the Matrix Excel Documents presumably was kept in the course of a regularly conducted activity of Matrix as it was produced by Matrix as Matrix was required to produce the data in that format. Matrix's attempt to exclude Exhibit G under the argument that the spreadsheet contains inadmissible hearsay is also misguided. The data in Exhibit G was extracted directly from the Matrix Excel Documents, and while irrelevant/immaterial information/data has been removed from Exhibit G, it does not make the exhibit inadmissible.

8.     Pursuant to Rule 1006, a proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. *Fed. R. Evid.* 1006.

9.     Further, while the proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place; Matrix is the one that produced the information in question and therefore they are already in possession of the originals. However, out of an abundance of caution, the Trustee has identified the exact documents the information was summarized from, i.e. the Matrix Excel Documents.

TRUSTEE'S RESPONSE AND BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANTS MATRIX TRUST COMPANY
AND MATRIX SETTLEMENT AND CLEARANCE SERVICES, LLC MOTION FOR SUMMARY JUDGMENT

Page 2

10.     Finally, the court may order the proponent to produce them in court. Should the Court order the Trustee to produce the full extent of the data contained within the Matrix Excel Documents, Trustee is ready, willing, and able to do so.

11.     Therefore, for the foregoing reasons, the Trustee would request the Court deny Matrix's request to exclude Exhibit G from the Summary Judgment Record.

**B.      Exhibit E**

   *i.     Matrix 802 Argument has been Cured.*

12.     Matrix seeks to exclude Exhibit E on multiple bases, but primarily the fact that the expert report of Gary Schwarts is unsworn, making it inadmissible hearsay under Rule 802.

13.      The Trustee has cured the hearsay issue by offering the sworn affidavit of Gary Schwartz which contains a summary of his opinions and qualifications contained in his report. *See* **Exhibit I.**

   *ii.    Schwartz is Qualified to Offer Opinions.*

14.     The affidavit of expert Gary Schwartz clearly delineates his qualifications. Matrix focuses its primary argument on the argument that Schwartz is "unfamiliar" with the SA and CAA. However, if Matrix had read the report, it would have realized the scope of the review by Schwartz was not limited to the SA and CAA, but also focused on whether the "actions or inactions [of Matrix] were customary and reasonable in its custodial capacity and failure to potentially detect the fraudulent activities of the Richies.". *See* Exhibit I at pp. 2 and 8.

15.     Further, Schwartz's opinions and analysis centers on the customary and standard practices of those in the banking industry, such as Matrix. *See* Exhibit I at p. at ¶E(3-9).

16.     While Matrix argues no expert testimony is required to determine what duties a contract requires of its parties or to advise the finder-of-fact as to whether a party met its

contractual obligations, (*Dkt. No.* 216 at p. 6), an expert is required to speak on the regular and customary banking practices that should have been followed by Matrix. In fact, if anything identified by Matrix requires no expert testimony, it would be on how to interpret the ruling of Judge Starr. That issue can be resolved between the attorneys of Matrix and the Trustee and this Court.

17.  Matrix appears to intend to argue that their responsibilities are limited to the contract and whatever the controlling regular and customary business practices are irrelevant. Such an argument is without merit and would create a slippery slope for all contract disputes moving forward; not to mention cases involving fiduciary duties owed to customary such as the ones owed by Matrix to the beneficiaries of the accounts that were depleted by the Richies.

18.  For the foregoing reasons, the Trustee would request the Court refuse to exclude the expert report, affidavit, and testimony of expert Gary Schwartz and deny Matrix's request to exclude the evidence identified as Exhibit E and Exhibit I.

### iii. *Schwartz has the Requisite Knowledge, Training, and Experience.*

19.  Matrix's attempt to disqualify Schwartz based on his lack of knowledge, training and experience is nothing more than another attempt to throw everything against the wall and see what sticks.

20.  Again, Mr. Schwartz's CV, attached to his report, and affidavit speak for themselves. *See* Exhibit I at pp. 14-20. Further, for nearly the last decade, Gary Schwartz has testified in courts throughout the United States, testifying successfully on damages, banking standards and practices, financial analysis, and lending standards and practices. *See* Exhibit I at pp. 21-27.

21. Despite Matrix attempting to establish Schwartz has no relevant experience or training with (1) ERISA; (2) custodians; (3) non-depository trust companies acting as custodians; (4) entities handling self-directed retirement plans; and (5) third-party administrators like Vantage, Schwartz has experience with the practices and standards that should have been implemented by Matrix to prevent the theft of millions of dollars.

### iv. *Schwartz's Opinions are not Inappropriate "Legal Conclusions".*

22. The report of Gary Schwartz speaks for itself. Matrix again attempts to smear the opinions of Schwartz by identifying them as "inappropriate legal conclusions." However, that is simply not true.

23. Schwartz provides an in-depth analysis of his opinions and findings in his report and affidavit. *See* Exhibit I. Further, Schwartz identifies the flaws with Matrix's software and midware and how the Richies were able to exploit the technology to perform their theft of funds from the accounts. *See* Exhibit I at pp. 8-12. Schwartz provides explanations for his opinions and analysis that quashes any notion that his opinions are inappropriate legal conclusions.

### v. *Schwartz's Offers Opinions not Easily Understood by Lay Person.*

24. Schwartz uses his experience to provide insight that the general lay person would not understand. One such example is Schwartz's analysis of why the automated system through Bridgenet should have required Matrix to have stronger internal controls and exceptions to reporting to identify and flay any unusual activity. Schwartz identifies why and how these internal reviews would have prevented the Richies (or anyone generally) from stealing the funds in question. This is just one example to establish to the Court that the opinions of Schwartz are not easily understood by the average lay person because the average person does not understand the inner workings of banks or clearing houses.

25. Further, the average person does not and would not understand what activity the Richies were conducting and why Matrix should have flagged or caught the activity. Such activity includes individual participants' benefits being paid to administrators. *See* Exhibit I at pp. 9. Matrix's witness, Mr. Beutelschiess testified under oath that it was in fact unusual for this type of activity to occur; yet they never flagged it nor investigated it. *See* Exhibit I at pp. 9. Schwartz goes on to explain that another high level executive of Matrix found the transactions in question uncommon, yet no one from Matrix attempted to investigate or stop the transactions from occurring. *See* Exhibit I at pp. 9.

26. These are the types of information and data that the average lay person would not understand, and therefore the Court should deny Matrix's Motion to Exclude on the basis that the average lay person easily understands the opinions and testimony of Schwartz.

27. Finally, the Trustee would request the Court supplement Exhibit I into the Summary Judgment Record curing any substantive defects of the affidavit and report complained of by Matrix.

## IV.
## CONCLUSION

The Trustee prays Matrix's Motion to Exclude be denied in its entirety. The Trustee has cured the defects complained of with respect to Exhibit G. Should the Court wish to review the raw data, Trustee is ready, willing, and able to produce the raw data that forms the basis of Exhibit G. Further, based on the foregoing analysis of Gary Schwartz's affidavit and report, attached as Exhibit I, Trustee would request the Court deny Matrix's Motion to Exclude and incorporate Exhibit I into the summary judgment record.

Respectfully Submitted,

**PASSMAN & JONES, P.C.**
*/s/ Jerry C. Alexander*
Jerry C. Alexander
State Bar No. 00993500
alexanderj@passmanjones.com
1201 Elm Street, Suite 2500
Dallas, TX 75270-2599
214-742-2121 telephone
214-748-7949 facsimile


**MCCATHERN, PLLC**
Justin N. Bryan
State Bar No. 24072006
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662
Facsimile: (214) 741-4717
jbryan@mccathernlaw.com

**ATTORNEYS FOR THE TRUSTEE**


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record were served with a copy of the foregoing via the Court's electronic filing service on June 6, 2024.


*/s/ Jerry C. Alexander*
Jerry C. Alexander