# **EXHIBIT I**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

In re:

§

**VANTAGE BENEFITS**   §     **Case No. 18-31351-SGJ7**
**ADMINISTRATORS, INC.**   §     **Chapter 7**
    §
   **Debtor.**     §
    §
    §
**JEFFREY MIMS, as Chapter 7**   §
**Bankruptcy Trustee of Vantage Benefits**   §
**Administrators, Inc.**   §
    §
    §
   *Plaintiff,*   §
    §
v.   §     **Adversary Case No. 20-03055-SGJ**
    §
**MATRIX TRUST COMPANY, et al.,**   §
    §
   *Defendants,*   §

## AFFIDAVIT OF GARY M. SCHWARTZ

### A. QUALIFICATIONS:

Gary M. Schwartz:

1. My name is Gary M. Schwartz, and I am over the age of 18 years, and I am fully competent to give this Affidavit/Expert Report.

2. The facts stated in this Affidavit/Expert Report are within my personal knowledge and are true and correct. I am a certified fraud examiner at Betzer Call Lausten & Schwartz LLP. I received a B.S. in Finance from the University of Colorado in 1983. In 1997, I became a certified fraud examiner. I am the president of the Colorado Chapter of the Association of Certified Fraud Examiners. I have attended various regulatory, accounting, credit, and banking seminars and courses sponsored by the Office of the Comptroller of the Currency. I developed and instructed both the OCC's National Credit School and the Post-Commissioned Credit School. I have investigated and/or testified in numerous cases similar in nature to this matter, wherein administrators divert assets from individual and group benefit plans. All of my opinions and conclusions in this Affidavit/Expert Report are based on my skill, experience, training, and education in forensic accounting, financial consulting, and litigation support, as summarized on the attached curriculum vitae.

## B.  QUESTIONS PRESENTED:

Whether Matrix Trust Company's actions or inactions were customary and reasonable in its custodial capacity and failure to potentially detect the fraudulent activities of the Richies.

## C.  METHODOLOGY:

As a part of my investigation of the referenced accident, I have referenced the following documents or tangible things:

1. Trustee's Third Amended Complaint filed May 19, 2021.
2. Memorandum Opinion and Order on Matrix Defendants' Motion to Dismiss: (A) Denying it as to Counts 1-3 & 6-7: (B) Granting it as to Count 4 (With Consent of Plaintiff): And (C) Granting Plaintiff 14 days' Leave to Amend as to Counts 8-10. filed May 5, 2021.
3. Caldwell and Partners, Inc. et al v. Matrix Trust Company Stipulations of Facts and Chronology.
4. Deposition transcript of Diane Hicks from July 16, 2019.
5. Deposition transcript of Diane Hicks from August 31, 2021.
6. Deposition transcript of Will Beutelschies from July 15, 2019.
7. Deposition transcript of Will Beutelschies from August 20, 2021.
8. Deposition transcript of Eric Schmitt from July 16, 2019.
9. Deposition transcript of Eric Schmitt from August 18, 2021.
10. Deposition transcript of Mary Mohr from September 22, 2021.
11. American Arbitration Association in the matter of Midlands Management v Matrix Trust Company hearing transcripts from August 5, 2019, August 6, 2019 and August 16, 2019.
12. Annual Custodial Financial Statements as of December 31, 2014; December 31, 2015; December 31, 2016; and October 27, 2017.
13. Documents provided by Counsel labeled Bates Nos. MTC_CALDWELL_004113-014, 004131-32, 004181-82, 005431-37, 005285-97, 005298-5203, 005375-70, 005728-39, 005956-64, 005444-49, 005277-84, 007330 -32, and 007338-40.
14. Documents provided by Counsel labeled Bates Nos. MATRIX_MBA_004330-35, 4471-4502, 00000011, 0000027-35, 00000040-47, 00000111-113, 0000260-63, 0004670, 0004676, 0006199, 0007451, 0007517, 0007562, and 0010578-680.
15. Native format Excel file named: A – MBA Disbursement Report – Sorted.
16. Native format Excel file named: C – All Other Victims Disbursement Report – Sorted and Highlighted.
17. PDF file named: F – Caldwell Custodial Account Agreement. TRUSTEE'S APPX 035 Case 20-03055-sgj Doc 213-3 Filed 05/02/24 Entered 05/02/24 18:19:54 Desc Exhibit Exhibit E Page 25 of 26
18. MBA financial statement provided by Vantage for the periods October 1, 2015 through December 31, 2015, and April 1, 2016 through June 30, 2016.
19. Demographic, historical and financial information on Matrix Trust Company available at https://www.ffiec.gov/NPW.

## D.  DEFINITIONS:

1. "Plan Victims" refers to employee benefit plans from which the Richie's illegally transferred funds to their bank accounts.
2. "MTC" refers to Matrix Trust Company, which administered the custodial accounts that held the employee benefit plans.
3. "CAAs" means custodial account agreements.
4. "Vantage" refers to Vantage Benefits Administrators, Inc.
5. "TPA" means third-party administrator.
6. "CFS" refers to Custodial Financial Statements.

## E. CONCLUSIONS AND OPINIONS

Based upon the information available and reviewed, it is my opinion that:

1. Based on my experience in the banking and trust industries the Plan Victims were customers of MTC.
2. MTC did not comply with customary standards and practices in the banking industry in its failure to secure executed CAAs for all Plan Victims. It is very concerning that such a key document as a CAA in defining the contractual relationship among the custodian, plan, and TPA would be missing for so many accounts, while MTC continued executing trades and processing distributions.
3. In my opinion, MTC's actions and inactions in processing transactions and disbursements without having secured all required agreements is contrary to reasonable and customary practices in the banking industry and is improper.
4. MTC did not comply with customary standards and practices in the banking industry when they failed to establish sufficient internal controls, including exception reports and reviews of irregular or unusual transactions. Two high level MTC executives agreed that the nature of the transactions initiated by Vantage were unusual/uncommon, and yet there was no testimony nor internal control procedures that would flag such transactions for review.
5. Having a highly automated system does not relieve the institution from its duties of exercising ordinary care in implementing sufficient processes and internal controls to reasonably protect the assets of its customers.
6. MTC did not comply with customary standards and practices in the banking industry in allowing the Richie's to "toggle off" required IRS Form 1099 reporting without proper controls.
7. MTC did not comply with customary standards and practices in the banking industry when they failed to incorporate such controls as automatically sending or otherwise notifying or making available quarterly and/or annual CFS to the Plan Victims.
8. I reviewed the CFS and tied the illegal disbursements to the previously referenced Excel spreadsheet named: A – MBA Disbursement Report – Sorted. The Richie's created falsified financial statements that were in turn provided to Plan Victims, but MTC did not provide statements to the Plan Victims which would have revealed the unauthorized and illegal distributions.
9. Such bad acts are not an uncommon occurrence and as such custodians are expected to implement all reasonable controls to lessen the risk of fraud.

TRUSTEE'S APPX 066

10. It is reasonable to think that the Plan Victims would have identified the discrepancies at an earlier date had MTC simply provided plans with quarterly CFS, or any of the other items discussed elsewhere in this report.

11. For more details, please see my attached report.

**FURTHER AFFIANT SAYETH NOT.**

X _____
Gary M. Schwartz

Subscribed and sworn to before me, the undersigned authority on this 5th day of June, 2024

MARCIA MARIA COLEMAN-SCOTT
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20144037200
MY COMMISSION EXPIRES SEPTEMBER 23, 2026

Notary Public, in and for the state of _Colorado_
County of Denver
My commission expires: _September 23, 2026_



Forensic Accounting   Fraud Investigations   Economic Damages   Business Valuations   Bank Consulting   Receiverships   Data Analytics

January 14, 2022

Justin N. Bryan, Esq.
McCathern, Shokouhi, Evans, Grinke
3710 Rawlins Street, Ste 1600
Dallas, Texas 75219

Jerry Alexander, Esq.
Passman & Jones
1201 Elm Street, Ste 2500
Dallas, Texas 75270

Re:    **JEFFREY MIMS, as Chapter 7 Bankruptcy Trustee of Vantage
Benefits Administrators, Inc., v.  MATRIX TRUST COMPANY, et
al.,** United States Bankruptcy Court for the Northern District of
Texas, Dallas Division, Case No.  18-3135-sgj7, Adversary Case
No.20-03055, Civ. Action #3:20-CV-01345-G

Dear Messrs. Bryan & Alexander:

Pursuant to your request, and on behalf of your client, Jeffrey Mims, as
Bankruptcy Trustee of Vantage Benefits Administrators, Inc., ("Mims" or
"Trustee").  We are submitting this Report in connection with the above
referenced matter.

**NATURE OF ENGAGEMENT**

This engagement has been conducted in accordance with the Statement on
Standards for Consulting Services promulgated by the American Institute of
Certified Public Accountants and, as such, constitutes a transactional
service.  Accordingly, this engagement does not constitute any type of
attestation service including, but not limited to, an audit, review or the
application of agreed-upon procedures, nor does it constitute a compilation.
In addition, this engagement is based on our oral understanding of the
nature, scope and limitations of services to be provided. This report is
intended solely for the information and use by you and your clients.

633 17th Street   Suite 2250   Denver CO 80202   Phone: 303.296.2900   Fax: 303.296.4475   bcls-cpa.com

Justin N. Bryan, Esq. & John Alexander, Esq.
January 14, 2022
Page 2 of 9

## COMPENSATION AND QUALIFICATIONS

Betzer Call Lausten & Schwartz LLP is a forensic accounting and consulting firm in Denver, Colorado.  We are being compensated for this engagement at our standard hourly rates, which currently range from $50 to $400, plus normal reimbursable expenses.  The current hourly rate for Gary M. Schwartz is $400.  Our compensation is not contingent on our findings or on the outcome of this matter.  A copy of the current CV for Mr. Schwartz is attached at Exhibit A.

## FACTS OR DATA CONSIDERED

A list of facts or data considered in the preparation of this report is presented at Exhibit B, attached hereto.

## BACKGROUND

This matter arises from a series of fraudulent transactions totaling approximately $15 million perpetrated by two employees of Vantage Benefits Administrators, Inc. ("Vantage"), a third-party administrator ("TPA"), Jeffrey A. Richie and Wendy K. Richie ("the Richies").  Over a period of time, beginning as early as 2014, the Richies illegally transferred funds from various employee benefit plans held in custodial accounts administered by Matrix Trust Company ("MTC") to bank accounts controlled by the Richies.

We understand that the fraud was ultimately detected by a whistle-blower within the Vantage organization.  In or about 2018, the Richies were indicted, subsequently pleaded guilty, and in 2020 were sentenced to a combined federal prison terms of over 18 years.

On June 4, 2018, Jeffrey Mims was appointed as the Chapter 7 Trustee of the Vantage estate.

MG Trust Company, LLC, ("MGTC") is a Colorado state-chartered non-depository, trust company regulated by the Colorado Division of Banking.  As set forth under Section 4-4-105(1) of the Colorado Revised Statutes, a trust company is considered a bank.  MGTC operates under the assumed name of MTC.  The institution was established on April 28, 2005, and is headquartered in Denver, Colorado.  For purposes of this Report, unless specifically noted, MTC shall refer to MGTC.

MTC is a wholly owned subsidiary of Matrix Financial Solutions, Inc., which in turn is a subsidiary of Broadridge Financial Solutions., Inc., a publicly traded global financial services provider.

Matrix Settlement and Clearance Services, LLC ("MSCS"), is an affiliated company that provides processing services to MTC.   As described by MTC Senior Vice President and Trust Officer Will Beutelschiess ("Beutelschiess"), MSCS is an intermediary software company:

> "MSCS is a company that owns our proprietary software and interfaced with our clients and it's the main facilitator of electronic files delivered by our clients and it sits between our trust company and the MSCS and any other investment company, so it acts like a conduit.  It takes in files, it sends the files to processors, it receives confirmations back and it declares back to our TPA."[1]

As a TPA, Vantage contracted with its customers/clients to provide various recordkeeping services, transaction processing and reporting for employee retirement benefit plans.   According to a United States Bankruptcy Court opinion[2],  Vantage was the TPA for its own employment benefit plan and 21 other victim employee benefit plans ("Plan Victims").   Pursuant to a Services Agreement dated September 27, 2012 ("Services Agreement"),[3]  Vantage contracted with MTC and MSCS to provide custodial trust services and certain clearing and trading services as defined.

The Richies requested distributions and other transactions through MTC/MSCS purportedly on behalf of the Plan Victims.   However, as the documents reviewed show, from on or about April 15, 2014, through October 24, 2017, the Richies, requested 289 unauthorized distributions from the Plan Victims' custodial account totaling $14,927,490.68.   Unbeknownst to Vantage's other employees and the Plan Victims, these distributions were wired to an account under control of the Richies, Account No. 325028539597 at Bank of America.   The Richies coded the distributions as non-reportable for tax purposes, and as such MTC did not report the transactions to the Plan Victims or the IRS on IRS Forms 1099-R.  MTC also did not send account statements reflecting the illegal transactions to the Victim Plans.

---

[1] MBA v. MTC Arbitration Hearing Transcript, Will Beutelschiess testimony 80-81: 21-25 and 1-5, August 5, 2019.
[2] Memorandum Opinion and Order on Defendants Motion to Dismiss filed May 5, 2021, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division CASE NO. 18-31351-SGJ-7.  – Page 8.
[3] Bates Nos. MATRIX_MBA_0004487-98.

Justin N. Bryan, Esq. & Jerry Alexander, Esq.
January 14, 2022
Page 4 of 9

**SCOPE OF REVIEW**

You have asked us to review applicable documents and opine whether MTC's actions or inactions were customary and reasonable in its custodial capacity and failure to potentially detect the fraudulent activities of the Richies.

**ANALYSIS**

The services provided by MTC/MSCS to its TPA clients are highly automated through a number of proprietary and third-party software platforms.  In his deposition, Beutelschiess outlines the information flow and various platforms:

> "Matrix Settlement & Clearance Services was formed in 1999 and is the technology platform.  They own the proprietary software Autofund.  They developed Bridgenet, which is the middleware between our client and Matrix, and they developed the interface with the NSCC.  So MSCS is technically the technology platform/trading platform for the organization."[4] [5]

> "Bridgenet is an interface with our client system.  We have clients that use various record keeping systems.  Vantage uses Relius.  Our developers have coded to Relius file app, as they did other vendors such as Schwab SRT and their various record keeping systems that could be used by our clients.  And so Bridgenet has an agent that is able to extract files.  We format them and send them to Autofund from the record keeping systems.  Then it has also other functions for trade entry, **disbursement entry**.  They can view cash balance files activity.  Generally, just activity that they conduct through the Matrix Autofund platform."[6]

In other words, Bridgenet was developed by MSCS to accept TPA client instructions from a number of different software systems, translate and pass that information along to MSCS' proprietary Autofund program and to Innovest (also referred to as Innotrust), MTC's third-party trust accounting system.

In addition to receiving client instructions from the clients' software programs, such as Relius, the TPA's could enter manual transactions into Bridgenet.[7]  We understand based on documents reviewed and deposition testimony that Wendy Richie utilized the manual entry option within Bridgenet to initiate the

---

[4] Beutelschiess Dep. 10: 16-23, July 15, 2019.
[5] NSCC - National Securities Clearinghouse Corporation.
[6] Beutelschiess Dep. 45-46: 19-25 & 1-6, July 15, 2019.
[7] MBA v. MTC Arbitration Hearing Transcript, Will Beutelschiess testimony 98: 10-13, 1-5, August 5, 2019.

illegal disbursements from the Plan. In creating a manual disbursement and entering the various categories of information, such as the plan name, amount, type of distribution, and purpose, Bridgenet also offered the TPA the option to instruct MTC to not report a distribution to the IRS.[8]  This option allowed the manual entry user to violate the IRS reporting requirements and thwart the Plan's ability to receive IRS Forms 1099-R and thereby independently reconcile disbursements initiated by Vantage.

With the high level of flexibility offered through Bridgenet, it is our opinion that MTC would need very strong internal controls and exception reporting to identify and flag any unusual activity. However, in deposition and hearing testimony the MTC witnesses consistently tout the high level of automation, and in the following exchange Beutelschiess responded as follows:

> "Q. Is one of the items that they review for payments made for what might not be a legitimate purpose, or appearing to be?
>
> A. **We don't review the underlying activity**. That's all automated.
>
> Q. Help me understand the automated activity reviews. What do you mean?
>
> A. **We don't have an automated activity review.**
>
> Q. When you said, "that's all automated" a moment ago –
>
> A. All the instructions are automated. They are referred from the TPA record keeper, the process. **We don't drill into any of the transactions themselves.** We do not have the source of those transactions."[9] Emphasis Added

The Richies were able to perpetrate a massive fraud by manually initiating nearly 300 transactions that can only be described as highly unusual – benefit distributions paid to the TPA. Beutelschiess testified that it was unusual for individual participant benefits to be paid to an administrator.[10]  MTC Chief Operating Officer Diane Hicks ("Hicks") also found such transactions to be uncommon and that the normal recipient of a participant benefit would be the participant.[11]  Simply put, two high level MTC executives agreed that the nature of the transactions initiated by Vantage were unusual/uncommon, and yet we saw no testimony nor internal control procedures that would flag such transactions for review.

---

[8] Ibid., 102:

[9] Beutelschiess Dep. 73: 10-25, July 15, 2019.

[10] Beutelschiess Dep. 18: 8-15, July 15, 2019.

[11] Hicks Dep. 56-57: 22-25 and 1-7.

TRUSTEE'S APPX 072

Justin N. Bryan, Esq.
January 14, 2022
Page 6 of 9

It is our opinion that having a highly automated system does not relieve the institution from its duties of exercising ordinary care in implementing sufficient processes and internal controls to reasonably protect the assets of its customers.  Section 1.3 of MTC's form Services Agreement defines Customer as:

> "Customer means an employer for which Institution has entered into an agreement to provide record keeping services **and MG Trust has entered an agreement** to provide custody and/or valuation services, whether as trustee, custodian, or agent of the trustee or custodian, or agent of the trustee or custodian, subject to the terms of this Agreement."[12]   Emphasis Added

The MTC process for obtaining a new plan agreement (as referenced in the preceding quote) is detailed in a Broadridge procedure named Approval of Agreements.[13]  We have reviewed a representative example of a custodial account agreement ("CAA"),[14] and note it is executed by the plan sponsor, the trustee(s), the designated representative, and MTC as custodian.

We understand that no such agreement was executed by a number of the Plan Victims.  We reviewed a series of e-mails from MTC Account Representative Eric Schmidt to Wendy Richie and other Vantage representatives noting that a number of custodial agreements for the Plan Vcitms, were missing.  The e-mails were sent on February 11, 2016, August 18, 2016, and August 29, 2016.[15]

A list attached to the August 18, 2016, e-mail from Schmidt to Wendy Ritchie and Vantage employee Tarynn Eaton[16] identified 67 customer accounts with missing custodial agreements.  When we compared this list to an Excel spreadsheet prepared by Matrix and provided to Counsel[17] detailing losses incurred by Plan Victims, we observed that there were 88 illegal disbursements on eight Plan Victim accounts for which Matrix did not have custodial account agreements. Those illegal disbursements totaled $4,582,593.55.

In addition to the direct requests to Vantage for the missing agreements, we also reviewed several MTC internal e-mails[18] concerning missing custodial agreements.  In one such internal e-mail dated April 18, 2018,[19] it is noted that there were 417 missing agreements.

---

[12] Bates No. MATRIX_MBA_0004488.
[13] Bates Nos. MTC_CALDWELL_005285-97.
[14] See Caldwell Ex. F
[15] Bates Nos. Matrix-MBA_0000011, 27-93, and 41-47, respectively.
[16] Bates Nos. MATRIX_MBA_0000027-33.
[17] Exhibit C, All Other Victims Disbursement Report – Sorted and Highlighted.
[18] Bates Nos. Marix_MBA_0004672, 4676, 6199, 7451, 7517, and 7562.
[19] Bates Nos. Matrix_MBA_0007517.

Justin N. Bryan, Esq.
January 14, 2022
Page 7 of 9

We noted that MTC has a procedure named Incomplete Document Reporting,
[20] that outlines duties, processes and reporting to ensure that account
agreements are received for all open accounts.  While the document provides
detailed steps on monitoring, following up and reporting, we did not see any
guidance as to actions that would be taken if the TPA and/or plan fail to respond
and/or provide executed agreements, as appeared to be the case for the Plan
Victims.  In our experience in banking and the financial services industry, it is
typical and expected for the entity to stop the process and/or the provision of
services until all agreed upon documents are in place.  As an example, it would
be highly irregular for a bank to honor a check or other payment request when
the bank did not have an account agreement or signature card authorizing the
check's signature.

We find it very concerning that such a key document as a CAA in defining the
contractual relationship among the custodian, plan, and TPA would be missing
for so many accounts, while MTC continued executing trades and processing
distributions.   In our opinion, MTC's actions and inactions in processing
disbursements without having secured all required agreements is contrary to
reasonable and customary practices, and is improper.

MTC created quarterly Custodial Financial Statements ("CFS") for the Plan
Victims.  We reviewed these statements and tied the illegal disbursements to
the previously referenced Excel spreadsheet named: A – MBA Disbursement
Report – Sorted.   We understand the Richies created falsified financial
statements[21] that were in turn provided to Plan Victims.  MTC did not provide
statements to the Plan Victims which would have revealed the unauthorized
and illegal distributions.

Beutelschiess testified that MTC provided four main plan level account types;
directed trustee, custodian with statements, custodian without statements, and
cash agent.[22]   He further indicated that he would prefer that all plans receive
statements[23] but was not involved in setting such an automatic process up
within the affiliated group.   The MTC representatives further testified that
quarterly CFS would be readily provided to any plan that requested them, and
it was a simple process to code and send statements to the plan.

We have investigated and/or testified in numerous cases similar in nature to
this matter, wherein administrators divert assets from individual and group
benefit plans.   In fact, we understand that Emily Strunk, a TPA operating
through various businesses, embezzled approximately $2.6 million over a ten-

---

[20] Bates Nos. MTC_CALDWELL_005298-03.
[21] PDF file named: D – Example Vantage Statements.
[22] Beutelschiess Dep. 33: 22-25, July 15, 2019.
[23] MBA v. MTC Arbitration Hearing Transcript, Will Beutelschiess testimony 193: 1-17, August
5, 2019

year period starting in 2005, from her clients' employee pension or retirement funds.[24]  It is further our understanding that MTC served as the custodian.

Unfortunately, such bad acts are not an uncommon occurrence and as such custodians are expected to implement all reasonable controls to lessen the risk of fraud.  In our opinion, it is reasonable to think that the Plan Victims would have identified the discrepancies at an earlier date had MTC simply provided plans with quarterly CFS, or any of the other items discussed elsewhere in this report.

**CONCLUSIONS**

Based upon the information available and reviewed, it is our opinion that:

- Based on our experience in the banking and trust industries the Plan Victims were customers of MTC.

- MTC  did not comply with customary standards and practices in the banking industry in its failure to secure executed CAAs for all Plan Victims.

- MTC did not comply with customary standards and practices in the banking industry when it processed transactions and purported distributions without securing executed CAAs.

- MTC did not comply with customary standards and practices in the banking industry by failing to establish sufficient internal controls, including exception reports and reviews of irregular or unusual transactions.

- MTC did not comply with customary standards and practices in the banking industry in allowing the Richies to "toggle off" required IRS Form 1099 reporting without proper controls.

- MTC did not comply with customary standards and practices in the banking industry by failing to incorporate such controls as automatically sending or otherwise notifying or making available quarterly and/or annual CFS to the Plan Victims.

---

[24] United States Department of Justice press release dated January 27, 2017, available at: https://www.justice.gov/usao-co/pr/parker-business-woman-sentenced-employee-benefit-plan-embezzlement.

We expressly reserve the right to modify the analysis and conclusions presented herein should we undertake further analysis of the information provided to date or if we are provided additional data and other information.

Respectfully,

*Gary M. Schwartz, CFE*

Gary M. Schwartz, CFE
Betzer Call Lausten & Schwartz LLP
Partner

Enclosures

TRUSTEE'S APPX 076

**Betzer**
**Call**
**Lausten**
**Schwartz**

Forensic Accounting    Fraud Investigations    Economic Damages    Business Valuations    Bank Consulting    Receiverships    Data Analytics

**Exhibit A**

## GARY M. SCHWARTZ
### Employment History

Betzer, Call, Lausten & Schwartz, LLP.
(formerly Patten MacPhee & Associates, Inc. and Schwartz Forensic Consulting Group)
Denver, Colorado

6/96 to Present   -   Managing Partner in a firm specializing in litigation support services including damages and lost profits, financial institution consulting and expert testimony, receiverships, fraud, forensic accounting and business valuations.

Baird, Kurtz & Dobson n/k/a BKD, LLC
Denver, Colorado

9/95 to 5/96   -   Consultant in regional accounting firm offering full range of accounting, tax and consulting services.

United States Treasury Department, Office of the Comptroller of the Currency ("OCC"), Administrator of National Banks
Denver, Colorado

4/84 to 9/95   -   National Bank Examiner.

H.C. Copeland & Associates
Denver, Colorado

5/83 to 4/84   -   Sales Associate responsible for the sales and service of tax-deferred retirement investments.

### Educational Background

B.S., Finance, 1983, University of Colorado

Certified Fraud Examiner, 1997, member of the Association of Certified Fraud Examiners

Attended various regulatory, accounting, credit, & banking seminars and courses sponsored by the Office of the Comptroller of the Currency.  Developed and instructed both the OCC's National Credit School and the Post-Commissioned Credit School.

## Course Instruction & Seminar Speaking Engagements

| | | |
|---|---|---|
| 2018-2019 | - | Affiliate Professor, Graduate School of Accounting, Metropolitan State University of Denver |
| May, 2019 | - | Council of Petroleum Accountants Societies, Inc. ("COPAS"), Colorado Education Day, "Oil & Gas Case Studies" |
| May, 2018 | - | Council of Petroleum Accountants Societies, Inc. ("COPAS"), Colorado Education Day, "Forensic Accountants, What Do We Do?" |
| April, 2018 | - | 2018 Colorado Economic Crime Symposium, Benefits of Forensic Accounting |
| Various 2017 | - | Fraud Awareness - Masters Accounting Program, Metropolitan State College, Professor Douglas Laufer |
| Various 2017 | - | Legal Elements of Fraud - Metropolitan State College, Masters Accounting Program, Instructor: Sheri Betzer |
| Various 2017 | - | Fraud Case Study - Colorado State University, Professor Laurence Johnson. |
| Various 2016 | - | Fraud Awareness - Masters Accounting Program, Metropolitan State College, Professor Douglas Laufer |
| Various 2016 | - | Legal Elements of Fraud - Metropolitan State College, Masters Accounting Program, Instructor: Sheri Betzer |
| October, 2015 | - | 9th Annual Colorado ADR Conference, Denver, CO - The Effective Use of Experts in Mediation and Arbitration |
| November, 2014 | - | Legal Elements of Fraud - Metropolitan State College, Masters Accounting Program, Instructor: Sheri Betzer |

TRUSTEE'S APPX 078

| October, 2014 | - | Fraud Awareness - Masters Accounting Program, Metropolitan State College, Professor Douglas Laufer. |
| September, 2014 | - | Fraud Case Study - Colorado State University, Professor Laurence Johnson. |
| April, 2014 | - | Fraud Case Study - Colorado State University, Professor Laurence Johnson. |
| November, 2013 | - | Legal Elements of Fraud ACC5650 - Metropolitan State College, Masters Accounting Program, Instructor: Sheri Betzer |
| September 2013 | - | Fraud Case Study - Colorado State University, Professor Laurence Johnson. |
| February, 2013 | - | Fraud Case Study - Colorado State University, Professor Laurence Johnson. |
| December, 2012 | - | Regis University, College for Professional Studies, Graduate School of Management, Forensic Accounting and Economic Damages. |
| March, 2012 | - | Fraud Case Study - Colorado State University, Professor Laurence Johnson. |
| October, 2011 | - | Financial Executives International (FEI), Colorado Chapter, Fraud and Bank Fraud |
| October, 2011 | - | Attorney's Title Guaranty Fund, 9th Annual Network Knowledge Assembly, Fraud and Mortgage Fraud |
| January, 2011 | - | Colorado Bankers Association Special Event Regulatory - Options: Practical Advice for the Future |
| April, 2010 | - | Colorado Bankers Association Fraud Prevention Summit |

TRUSTEE'S APPX 079

### Receiverships and Trusteeships - Gary Schwartz

| | | |
|---|---|---|
| Mark Ray, et al. | - | Appointed Receiver, September 30, 2019 by the Acting Securities Commissioner for the State of Colorado |
| In Re the Marriage of Eileen Starnes And Norbert Klebl | - | Appointed Receiver, August 16, 2019, District Court, Boulder County |
| Integrity Applied Science, Inc. | - | Appointed Receiver, May, 2018 |
| Dick Family Trust 2 | - | Appointed Trustee, April, 2018 |
| Buffalo Resources, LLC | - | Member, Special Litigation Committee, District Court, Morgan County, July 2017 |
| Neiss Trusts | - | Appointed Co-Trustee, April, 2017 |
| Wray State Bank | - | Appointed as Receiver by District Court, Yuma County, April 2017 |
| The Riviera Apartments | - | Appointed as Receiver by District Court, Adams County, February 2017 |
| Excertus, Inc. and APEXBOS, Inc. | - | Appointed as "Independent Auditor" by District Court, Weld County, July, 2016 |
| Platte Restaurant Equipment | - | Appointed as Receiver by District Court, Adams County, July, 2013 |
| Hollowbrook Capital Group, LLC | - | Appointed as Receiver by District Court, El Paso County, November, 2010 |
| Chorus Line, Inc. d/b/a Saturdays | - | Appointed Receiver by Denver District Court, February, 2010 |
| Welend Associated Group, LLC | - | Appointed Receiver by Denver District Court, November, 2008 |

TRUSTEE'S APPX 080

### Receiverships and Trusteeships – PMA/SFCG/BCLS

| | | |
|---|---|---|
| In Play Golf Memberships, LLC | - | Appointed as Financial Monitor by various parties, May, 2015 (Schwartz) |
| Compass Capital Group | - | Appointed as Receiver by the District Court, El Paso County, August, 2011(Schwartz) |
| DRM Partners, LLC | - | Appointed as Receiver by the District Court, El Paso County, April, 2010 (Schwartz) |
| Inca 29, LLC | - | Appointed as Receiver by the District Court, Denver County, April, 2010 (Schwartz) |
| Blake 27, LLC | - | Appointed as Receiver by the District Court, Denver County, April, 2010 (Schwartz) |
| Chorus Line, LLC d/b/a Saturdays | - | Appointed as Receiver by the District Court, Denver County, March, 2010 (Schwartz) |
| American Intercapital Holding, LLC d/b/a American Intercapital Depository & Trust | - | Agent for Receiver, November, 2007 (Schwartz & Patten) |
| Debt Set & Resolve Credit Counseling | - | Appointed as Receiver, March, 2007 (Burns) |
| L.T.D. Window & Door Inc. Asset Trust | - | Firm appointed as Trustee, September, 1995 to liquidate window and door business. |
| Alpex Computer Corporation | - | Appointed as successor Liquidating Trustee, March, 1991 (Patten) |
| Hillside Care Center | - | Appointed as Receiver, March, 1994 (Patten) |
| Antonoff / Miller Properties | - | Proposed as Receiver, July, 1994 (Parties settled) (Patten) |

TRUSTEE'S APPX 081

L.T.D. Window & Door Inc. Asset Trust    -    Appointed as Trustee, September, 1995 (Patten, Schwartz)

RR-Solutions, LLC    -    Appointed as Receiver, December, 2003 (Patten, Burns)

Lakeside Ventures, LLC    -    Chapter 11 Examiner, United States Bankruptcy Court for the District of Colorado, 2003 (Schwartz)

SEC v. Kelsey Garmen et al.    -    Receiver, United States District Court for the District of Colorado, 2004 (Anderson)

Whitfield v. the Board of County Commissioners of Eagle County    -    Special Master, United States District Court for the District of Colorado, 2004 (Burns)

Security Service Credit Union, successor in interest to, Diakonia Credit Union v. Frederick Puster    -    Special Master, District Court, Adams County, 2004 (Schwartz)

Securities and Exchange Commission v. Kenneth Roy Weare, a/k/a Roy Weaver, J & K Global Marketing Corp., and AAA-Auction.Com,Inc.    -    Receiver, United States District Court. District Of Colorado, 2005 (Patten, Burns)

Front Range Bank v. Synergy Manufacturing Technology, Inc. et al    -    Receiver, District Court, Jefferson County, 2006 (Schwartz)

Federal Trade Commission v. Debt-Set Inc. and Resolve Credit Counseling, Inc.    -    Receiver, United States District Court, District of Colorado, 2007 (Burns)

TRUSTEE'S APPX 082

## Directorships/Board Memberships

President - Colorado Chapter of the Association of Certified Fraud Examiners

Advisory Director - BBVA Compass Bank

Member - International Association of Financial Crimes Investigators

Founding Board Member and Treasurer - Lowry Swim Club, LLC

Board Member – Yield Solutions Group

## Bank Consultations

Have performed loan reviews, due diligence reviews, organizational reviews, and general bank consulting engagements for numerous banks ranging in size from less than $15 million to over $3.0 billion.

## Valuations

Have performed and/or been involved with numerous valuations, including banks, manufacturers, retailers, wholesalers and service companies.

Rev. 7/2020

TRUSTEE'S APPX 083

**Gary Schwartz**                                                                                                                          **Exhibit A**
**CV - As of September 21, 2021**

| YEAR | CASE DESCRIPTION / CAPTION | JURISDICTION | SUBJECT | PLAINTIFF LAW FIRM / LAWYER | DEFENDANT LAW FIRM / LAWYER | CLIENT | REPORT | DEPOSITION TESTIMONY | TRIAL TESTIMONY |
|---|---|---|---|---|---|---|---|---|---|
| 2021 | RE: FDIC Investigation of Former CEO | | Banking Standards and Practices, Regulatory Issues | | Williams & Connolly, LLP, Ryan Scarborough | Defendant | Y | | |
| 2021 | MBA ENGINEERING, INC., as Sponsor and Administrator of the MBA ENGINEERING, INC. EMPLOYEES 401(K) PLAN and the MBA ENGINEERING, INC. CASH BALANCE PLAN, and CRAIG MEIDINGER, as Trustee of the MBA Engineering, Inc. Employees 401(k) Plan and the MBA Engineering, Inc. Cash Balance Plan, Individually and as representative of all others similarly situated, v. VANTAGE BEBEFITS ADMINISTRATORS, INC., JEFFREY A. RICHIE, WENDY K. RITCHIE, and MATRIX TRUST COMPANY, United States District Court for the Northern District of Texas, Dallas Division, Case No.  3:17-cv-00300-X (N.D. Tex) | Unites State District Court for the Northern District of Texas, Dallas Division | Fraud, Banking standards and practices | | Morgan, Lewis & Bockius LLP | Plaintiff | Y | Y | |
| 2021 | KAMERON LEWIS, and MATTHEW PLOWMAN v. Defendant: CHANCEY ENTERPRISES, INC. | District Court, City and County of Denver | Damages | Baird Quinn, LLC | | Plaintiff | Y | | |
| 2021 | Investigation at a State Chartered Bank | Colorado | Fraud, Banking standards and practices | | | Bank | Y | | |
| 2021 | Debtor: Westpac Restoration, Inc. | United States Bankruptcy Court, District of Colorado | Forensic accounting | Spencer Fane | | Debtor | Y | | |
| 2021 | Estate of Dorothy Orland | | Forensic Accounting | | | Estate | Y | | |
| 2021 | EPIC SPORTS MARKETING, LLC,  an Arizona limited liability company v. ANB BANK, a Colorado state-chartered bank | Judicial Arbiter Group | Banking standards and practices, damages, fraud | | Waas Campbell Rivera Johnson & Velasquez, LLP | Defendant | Y | | Y |
| 2021 | NICK LEPETSOS V. FIRST AMERICAN STATE BANK, FIRST AMERICAN BANCORP et al. | District Court, Arapahoe County | Banking standards and practices, damages, fraud | | Stephen Shapiro | Defendant | Y | | |
| 2021 | REM BOULDER PROPERTIES, LLC, A Colorado Limited Liability Company v. KDM BOULDER PROPERTIES, LLC, A Colorado Limited Liability Company, GLM BOULDER PROPERTIES, LLC, A Colorado Limited Liability Company, SCM BOULDER PROPERTIES, LLC, A Colorado Limited Liability Company | District Court, City and County of Boulder | Financial Analysis, Forensic Accounting, Damages | Moye White / Paul Franke | | Plaintiff | Y | | Y |
| 2021 | In Re: Hiren Patel, No. AA-EC-2018-89, US Treasury, OCC | Adminsitrative Law Judge | Banking Standards and Practices, Regulatory Review | | Katten & Temple / Nancy Temple | Defendant | Y | Y | |
| 2021 | BREATH DENTAL, LLC v. RALSTON CREEK VILLAGE, LLC | District Court, County of Jefferson, State of Colorado | Damages | | Sweetbaum Sands Anderson PC | Defendant | Y | | Y |
| 2021 | CENTAZO, LLC, a Colorado limited liability company, d/b/a MODERNTENDER, v. EVOLVE BANK & TRUST, an Arkansas business trust, a/k/a EVOLVE TRUST SERVICES. | District Court, City and County of Denver | Forensic Accounting, Banking Issues | Butler Snow LLP | | Defendant | Y | Y | |
| 2021 | Valuation of Wyoming Bank in Divorce Matter | | | | | | | Y | |
| 2021 | Academy Station Limited Liability Company v. Vanguard Church | District Court, El Paso County, Colorado | Forensic accounting, damages | | Lewis Roca Rothgerber Christie | Defendant | Y | | |
| 2020 | Criminal Investigation | US District Court | Forensic analysis | | Richilano Shea | Defendant | Y | | |
| 2020 | PRODUCTIVE INVESTMENTS, LLC, a Colorado limited liability company, v. PATRICK JOHNSON, an individual; and URBAN HEALTH & WELLNESS, INC., a Colorado Corporation. | District Court, City and County of Denver | Financial and Forensic analysis, damages | Ireland Stapleton Pryor & Pasoce, PC | | Plaintiff | Y | | |
| 2020 | KATHERINE GOLD, an individual; PARKER NATHAN SEMLER  IRREVOCABLE TRUST; ZACK NEUMEYER, as Trustee of the Parker Nathan Semler Irrevocable Trust; ELLEN ROBINSON, as Trustee of the Parker Nathan Semler Irrevocable Trust v. 40th STREET PARTNERSHIP, LLC, a Colorado limited liability company; WILLIAM GOLD, III, an individual | District Court, City and County of Denver | Financial Analysis, damages | | Sweetbaum & Sands | Defendant | Y | Y | |
| 2020 | Claimant Epic Sports Marketing, LLC, an Arizona limited liability company Claimant, v. Respondent ANB Bank, a Colorado state-chartered bank | Judicial Arbiter Group | Banking Issues, Fraud | | WAAS CAMPBELL RIVERA JOHNSON & VELASQUEZ LLP | Defendant / Respondent | Y | | Y |
| 2020 | JOSEPH PAUL BROPHY, JR. and DONALD REA BROPHY in their capacity as Co-Personal Representatives of the ESTATE OF VEDA "PAT" BROPHY v. JOSEPH A. MORRIS, BOND & MORRIS, P.C., and LARRY WHITE | District Court, City and County of Denver | Forensic Accouniting and Financial Analysis | | Gordon & Rees | Defendant | Y | | |
| 2020 | PATRICIA ANN PISANI v. LARRY ALLEN PARTRIK | District Court, Dpouglas County | Financial and Forensic analysis, damages | GSL Trial Lawyers | | Plaintiff | Y | | |
| 2020 | Farm Plus Financial | | Financial Analysis, Banking Issues | Snell & Wilmer, Denver, CO | | | Y | | |

TRUSTEE'S APPX 084

**Gary Schwartz**

**CV - As of September 21, 2021**

<span style="float:right">**Exhibit A**</span>

| YEAR | CASE DESCRIPTION / CAPTION | JURISDICTION | SUBJECT | PLAINTIFF LAW FIRM / LAWYER | DEFENDANT LAW FIRM / LAWYER | CLIENT | REPORT | DEPOSITION TESTIMONY | TRIAL TESTIMONY |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | CURT LEROSSIGNOL, individually and derivatively on behalf of VIADUCT FARMS, LLC; DANE WILKERSON, individually and derivatively on behalf of VIADUCT FARMS, LLC; KIMBERLY A. WILKERSON, individually and derivatively on behalf of VIADUCT FARMS, LLC v. KENNETH J. WOLF; NORTH OF THE BORDER, L.L.C.; STEVEN P. MEIER; MACMEIER, LLC; and VIADUCT FARMS, LLC. | District Court, City and County of Denver | Financial Analysis, damages | Dill Dill Carr Stonbraker & Hutchings, John Hutchings, Esq. | | Plaintiff | Y | Y | |
| 2020 | NEEL B. PATEL and BHARAT M. PATEL v. CHIRAG K. PATEL; PAGOSA LODGING LLC; PAGOS LODGING 2 LLC; and SNOWMOBILE TOURS, LLC | District Court, Archuleta County | Forensic Accounting, damages | | Cunningham Swaim, LLP | Defendant | Y | | |
| 2020 | Colorado Marijuana Company | | Forensic Accounting, Financial Analysis, Damages | | | | Y | | |
| 2020 | **THOMAS READ MATTSON, and SANDSTONE VENTURES, LLC, a Colorado Limited Liability Company, as Owners/Members v. CROCODILE DISTRIBUTING, LLC, a Colorado Limited Liability Company, d/b/a Crocodile Distribution, JOEL A. DAVID, individually, and GEORGE B. BOEDECKER, JR., individually** | District Court, Boulder County, Colorado | Financial analysis, damages, forensic accounting | Holland & Hart | | Plaintiff | Y | Y | |
| 2020 | **PEOPLE OF THE STATE OF COLORADO v. Austin V. Ray** | District Court, Jefferson County | Financial analysis, banking | | | | Y | | |
| 2020 | An Institution of Higher Education | | Forensic review, financial analysis, policy review | | | | Y | | |
| 2020 | An Institution of Higher Education | | Forensic review | | | | Y | | |
| 2020 | **RICHARD BRANDT GREEN, M.D., an individual, v. U.S. ANESTHESIA PARTNERS OF COLORADO, INC., f/k/a GREATER COLORADO ANESTHESIA, P.C., a Colorado corporation, and U.S. ANESTHESIA PARTNERS, INC., a Delaware Corporation** | United States District Court, District of Colorado | Financial Analysis, Damages | Jennifer L. Gokenbach & Stephen Rotter | | Plaintiff | Y | | |
| 2020 | State of Colorado | | Policy & Procedure analysis | | | | Y | | |
| 2020 | **SRK PROPERTIES LLC, a Colorado limited liability company, et al. v. STEVE STOCK & ASSOCIATES INC., a Colorado Corporation, et al.,** | JAG | Financial analysis, forensic accounting | | Miller Riggs | Defendant | Y | | |
| 2020 | Re: Marriage of Maria V. Borresen and Thor Borrensen | | Forensic Accounting | Miller & Associates | | Thor | Y | | |
| 2020 | ARRABELLE AT VAIL SQUARE RESIDENTIAL CONDOMINIUM ASSOCIATION, INC., Claimant/Counterclaim Respondent, v. **ARRABELLE SHARED FACILITIES ASSOCIATION, INC.**, Respondent/Counterclaim Claimant. | JAMS | | Lewis Roca Rothgerber Christie, LLP | | Defendant | Y | | |
| 2019 | Josephine Battaglia, Bianca J. Battaglia, Marina Battaglia, Claudia Battaglia, Gabriella R. Battaglia, and Victoria A. Battaglia, directly and derivatively on behalf of 85-42 Woodhaven Blvd Family Limited Partnership, 87-07 158th Ave Family Limited Partnership, 88-01 Ditmas Ave Family Limited Partnership, 95-16 87th St Family Limited Partnership, 95-18 87th St Family Limited Partnership, 100-02 Atlantic Ave Family Limited Partnership, 104-11 101st St Family Limited Partnership, 153 East 33rd St Family Limited Partnership, 98-31 Linden Boulevard Family Limited Partnership (f/k/a 157-19 84th St Family Limited Partnership), 158-31 90th St Family Limited Partnership, 85th Street Family Limited Partnership, 78th St Land Family Limited Partnership, JB Vehicles Family Limited Partnership, JB Investments Family Limited Partnership, and 157-52 88th St Family Limited Partnership, v. Alfredo G. Battaglia,  Defendant, and 85-42 Woodhaven Blvd Family Limited Partnership, 87- 07 158th Ave Family Limited Partnership, 88-01 Ditmas Ave Family Limited Partnership, 95-16 87th St Family Limited Partnership, 95-18 87th St Family Limited Partnership, 100-02 Atlantic Ave Family Limited Partnership, 104-11 101st St Family Limited Partnership, 153 East 33rd St Family Limited Partnership, 98-31 Linden Boulevard Family Limited Partnership (f/k/a 157-19 84th St Family Limited Partnership), 158-31 90th St Family Limited Partnership, 85th Street Family Limited Partnership, 78th St Land Family Limited Partnership, JB Vehicles Family Limited Partnership, JB Investments Family Limited Partnership, and 157-52 88th St Family Limited Partnership, Nominal Defendants. | IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT IN AND FOR LARAMIE COUNTY, STATE OF WYOMING | Damages, financial analysis, forensic analysis | | | Defendant | Y | | Y |

TRUSTEE'S APPX 085

**Gary Schwartz**                                                                                                          **Exhibit A**
**CV - As of September 21, 2021**

| YEAR | CASE DESCRIPTION / CAPTION | JURISDICTION | SUBJECT | PLAINTIFF LAW FIRM / LAWYER | DEFENDANT LAW FIRM / LAWYER | CLIENT | REPORT | DEPOSITION TESTIMONY | TRIAL TESTIMONY |
|---|---|---|---|---|---|---|---|---|---|
| 2019 | DANIEL PATRICK CROGHAN (an individual and assignee of MR. CROGHAN SOLUTIONS) and MR. CROGHAN SOLUTIONS (a Colorado Limited Liability Company registered to do business in the State of Colorado) And Plaintiff-Intervenor: KAY CROGHAN, v. RICHARD RANDALL ROBERTSON (an individual); APEX BACK OFFICE SOLUTIONS, INC. (a Colorado Corporation registered to do business in the State of Colorado formerly known as APEX BACK OFFICE SOFTWARE, INC., formerly known as APEX BACK OFFICE SOFTWARE, LLC., and formerly known as APEX BACK OFFICE SOLUTIONS) EXCERTUS, INC. (a Colorado Corporation registered to do business in the State of Colorado formerly known as EXCERTUS, L.L.C. and formerly known as EXCERTUS) | District Court, Weld County | Damages, financial analysis, forensic analysis | | | Acted as "Independent Auditor" for Companies | Y | Y | |
| 2019 | IN THE MATTER OF FRANK E. SMITH AND MARK A. KIOLBASA, Institution-affiliated parties of FARMERS STATE BANK , Pine Bluffs, Wyoming, a state-member bank | Before The Board Of Governors Of The Federal Reserve System, Washington, D.C. | Removal Proceedings, Banking standards and practices | Federal Reserve Bank Enforcement Counsel | Federal Reserve Bank Enforcement Counsel | | Y | Y | |
| 2019 | Plaintiff: DICK FAMILY TRUST NO. 1, by and through its trustee, DARRIN STOCK v. Defendants: LAND SECURITIES INVESTORS, LTD, a Colorado Limited Liability Partnership, SUNSET MANAGEMENT SERVICES, INC. a Colorado Corporation, and GARY SCHWARTZ, in his capacity as Trustee of DICK FAMILY TRUST NO. 2, a trust formed and administered in Colorado | District Court, City and County of Denver | Damages, fiduciary issues | | Armstrong Teasdale | Dick Family Trust 2 | | | Y |
| 2019 | Re: Matthews Alvarez | | Damages | Holland & Hart | | | | Y | |
| 2019 | PROPER BSD, LLC, a Colorado limited liability company, et al. v. AVI SCHWALB, COLLEGIATE PEAKS BANK, a Colorado corporation, and COMMERCIAL FUNDING, LLC, a Colorado limited liability company, and 1575 GALENA, LLC, a Colorado Limited Liability company. | District Court, Adams County | Damages | Lewis Roca Rothgerber Christie, LLP | | Plaintiff | Y | | |
| 2019 | PRINCIPLE ENERGY, LLC, a Louisiana limited liability company, v. WOLFHAWK ENERGY HOLDINGS, LLC, d/b/a FERRARI ENERGY, a Colorado limited liability company, and CATHERINE J. GUMP | District Court, Weld County | Banking and Lending standards and practices, Damages | Moye White | | Defendant | Y | | |
| 2019 | ZYKRONIX, INC., a Colorado corporation, Plaintiff, v. LOXONE ELECTRONICS GmbH, a limited liability company organized and existing under the laws of the Country of Austria | District Court, City and County of Denver | Damages, financial analysis | Sweetbaum Sands | | Plaintiff | Y | Y | Y |
| 2019 | Notice of Intent to Prohibit Pursuant to Section 8 of the Federal Deposit Insurance Act, as Amended: FRANK E. SMITH and MARK A. KIOLBASA, Institution-affiliated parties of FARMERS STATE BANK, Pine Bluffs, Wyoming, a state-member bank | | Banking Standards and Practices | Board of Governors, Federal Reserve Bank | Board of Governors, Federal Reserve Bank | | Y | Y | |
| 2019 | JOSEPHINE BATTAGLIA et al. v. ALFREDO BATTAGLIA, | District Court of the First Judicial District in and for Laramie County, State of Wyoming | Financial analysis, forensic accounting | | Miller & Associates | Defendant | Y | | |
| 2018 | CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff, v.PHILLIP MARSHALL COUTU, an individual, POWER ADJUSTERS, INC., a Colorado corporation, JUDAH LEON BENSUSAN, an individual, and ATLANTIS CLAIMS SERVICES, LLC, a Florida limited liability company, Defendants | United States District Court for the District of Colorado | Forensic Accounting, Fraud Investigation, Damages | Wheeler Trigg O'Donnell LLP | | Plaintiff | Y | | |
| 2018 | Internal Investigation of Oil & Gas Company | | Financial Analysis, Fraud Investigation | Wilmer Hale | | Oil & Gas Company | Y | | |
| 2018 | In the Interest of Gloria Stewart | District Court, County of Boulder | Forensic Accounting | | | Guardian *ad Litem* | Y | | |
| 2018 | REZAC LIVESTOCK COMMISSION CO., INC. v. PINNACLE BANK, et.al. | United States District Court for the District of Kansas | Banking Issues, Damages | Bryan Cave, LLP | | Plaintiff | Y | Y | |
| 2018 | Great Western Life FINRA Arbitrations | FINRA | Forensic Accounting, Fraud Investigation | | Neese | Great West Life Insurance and GWFS Equities, Inc. | Y | | Y |
| 2018 | Black Diamond Well Services, Inc. & Adam P. Adams v. Julianna Savoni Giese; James W. Giese; James W. Giese, PC; Soronen, Donley, Patterson, CPA's PC; and John Does 1-10 | District Court, Mesa County, Colorado | Damages, Financial Analysis | | Gordon & Rees | Defendant | Y | | |

TRUSTEE'S APPX 086

**Gary Schwartz**                                                                                                                                                     **Exhibit A**
CV - As of September 21, 2021

| YEAR | CASE DESCRIPTION / CAPTION | JURISDICTION | SUBJECT | PLAINTIFF LAW FIRM / LAWYER | DEFENDANT LAW FIRM / LAWYER | CLIENT | REPORT | DEPOSITION TESTIMONY | TRIAL TESTIMONY |
|---|---|---|---|---|---|---|---|---|---|
| 2018 | REILLY REED, Plaintiff v. DUSTIN TIXIER, JASON WHISENAND, DIANA TIXIER, ELITE OIL FIELD ENTERPRISES, INC., ELITE OIL FIELD SERVICES, INC., and ELITE OIL FIELD EQUIPMENT, INC., Defendants, And ELEMENT SERVICES, LLC, JHENNA DAWN REED, REEDESIGN CONCEPTS, LLC, and ROBERT KUBISTEK, Third Party Defendants. | In the District Court for Weld County, State of Colorado | Financial Analysis, Damages | Baird Quinn, LLC | | Defendants | Y | | |
| 2018 | ATLANTIC BUILDING SYSTEMS, LLC (d/b/a ARMSTRONG STEEL CORP v. GREAT WESTERN BUILDING SYSTEMS, LLC; JAN ERIC BEAVERS; TIMOTHY L. DODGE; and KARL P. HATFIELD | District Court, Arapahoe County, Colorado | Financial Analysis, Damages | Wheeler Trigg O'Donnell LLP and Baird Quinn, LLC | | Plaintiff | Y | | |
| 2018 | NMREA AFC 1, LLC, a New Mexico Limited Liability Company, JOHN J. HAMILTON, MARGARET M. HAMILTON, FRED H. HAMILTON, M.D., HAROLD G. FIELD, LINDA ANN SMITH, M.D., JOHN R. LEWINGER, MARTI A. PARTRIDGE, MICHAEL E. PARTRIDGE, ANN F. STULL, JOHN R. RANSOM, JULIA L. RANSOM, MARY JO GRIFFIN, WILLIAM T. ROBERTSON, JOSEPH R. ROMERO, and JOHN U. CHEEK v. THE FIRST NATIONAL BANK OF SANTA FE, and NATIONAL LOAN ACQUISITIONS COMPANY | State of New Mexico, County of Bernalillo, Second Judicial District Court | Banking Standards and Practices, Lending | Atkinson, Baker & Rodriguez, P.C. | | Plaintiff | Y | Y | |
| 2018 | Jerry Le Jeune and Jo Ann Le Jeune, husband and wife, and the marital community comprised thereof, in their individual and marital capacities and derivatively as shareholders of Tucci & Sons, Inc.; Joshua P. Le Jeune, in his individual capacity and derivatively as a shareholder of Tucci & Sons, Inc.; and Jenna T. LeJeune, in her individual capacity and derivatively as a shareholder of Tucci & Sons, Inc.; Tucci & Sons, Inc., a Washington corporation; Plaintiffs, V. Michael A. Tucci and Mary Jo Tucci, husband and wife, and the marital community comprised thereof, in Michael A. Tucci 's individual and marital capacity and in his capacity as a director of Tucci & Sons, Inc.; Michael F. Tucci and Mimi Tucci, husband and wife, and the marital community comprised thereof, in Michael F. Tucci 's individual and marital capacity and in his capacity as a director and officer of Tucci & Sons, Inc.; Timothy F. Tucci and Barbara Tucci, husband and wife, and the marital community comprised thereof, in Timothy F. Tucci 's individual and marital capacity and in his capacity as a director and officer of Tucci & Sons, Inc.; Kevin A. Kever and Sheri Kever, husband and wife, and the marital community comprised thereof, in his individual and marital capacity and in his capacity as a director and officer of Tucci & Sons, Inc.; Financial Holdings, LLC, a Washington limited liability company; Sasso LLC, a Washington limited liability company; Tucci & Sons, Inc., a Washington corporation; and John Doe entities 1-100, all whose true names are unknown; Defendants. | THE SUPERIOR COURT OF THE STATE OF WASHINGTON | Financial Analysis, Damages | | FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE PLLC, James B. Meade, Esq. | Defendant | Y | | |
| 2018 | DOLORES MITCHELL, JERRY MITCHELL AND SUSAN TRACY, Plaintiffs vs. US BANK, N.A. AND TESS MALOTTE, Defendants | IN AND FOR THE COUNTY OF PIERCE | Banking Standards and Practices, Damages | Rose Walker | | Plaintiff | Y | | |
| 2018 | CENTURY TRUCKING, INC. v. BETTE DAVIS TOUCHET, GERNAL TODD TOUCHET, THOMAS JEFFREY DAVID AND CITIZENS STATE BANK | District Court of Hardin County, Texas, 88th Judicial District | Forensic Accounting, Banking Standards and Practices, Damages | | Andrew Schrader, Esq. - Beard, Kultgen, Brophy, Bostwick & Dickson, PLLC | Defendant Citizens State Bank | Y | | |
| 2018 | John Paul Borne vs. GWFS Equities, Inc., FINRA DISPUTE RESOLUTION, FINRA No. 17-01252 | FINRA | Forensic Accounting, Financial Analysis, Damages | John Paul Borne | Great West Life Insurance and GWFS Equities, Inc. | Great West Life Insurance and GWFS Equities, Inc. | N | N | Y |
| 2017 | CENTRAL BANK & TRUST v. FRANK SMITH; MARK KIOLBASA; MICHELLE THOMAS; AND FARMERS STATE BANK | District Court, First Judicial District, State of Wyoming, County of Laramie | Banking Standards and Practices, Damages | Lewis Roca Rothgerber Christie, LLP | | Plaintiff | Y | Y | Y |

TRUSTEE'S APPX 087

**Gary Schwartz**

**Exhibit A**

**CV - As of September 21, 2021**

| YEAR | CASE DESCRIPTION / CAPTION | JURISDICTION | SUBJECT | PLAINTIFF LAW FIRM / LAWYER | DEFENDANT LAW FIRM / LAWYER | CLIENT | REPORT | DEPOSITION TESTIMONY | TRIAL TESTIMONY |
|---|---|---|---|---|---|---|---|---|---|
| 2017 | PLAINTIFF/COUNTERCLAIM DEFENDANT: ADVANTAGE BANK, COUNTERCLAIM DEFENDANTS: ADVANTAGE BANCORP, INC., JEFFREY KINCAID, THOMAS H. CHINNOCK, MICHAEL LOMBARDELLI, JOHN NIGH, AND MICHAEL PETERS v. DEFENDANT/COUNTERCLAIMANT: ROBERT W. NOFFSINGER III | District Court, Weld County | Banking Standards and Practices | Coan, Payton & Payne | | Plaintiff | Y | | |
| 2017 | In Re: Delta Petroleum | | Damages | | Haddon, Morgan & Forman, P.C. | Defendant | | | |
| 2017 | HENLEY LLC, d/b/a Henley Vaporium LLC, a Colorado limited liability company, PETER DENHOLTZ, an individual and JONATHAN DENHOLTZ, an individual v. ROBERT EISENBERG, an individual and TALIA EISENBERG, an individual | In a Matter of Binding Arbitration | Forensic Accounting and Damages | Rich Michaelson Magaliff Moser, LLP | | Plaintiff | Y | | |
| 2017 | EDWARD B. CORDES, solely in his capacity as the court appointed receiver in the District Court of Hamilton County Kansas, Case No. 10-CV-7 v. UNITED STATES OF AMERICA | United States District Court for the District of Colorado | Banking Standards and Practices, Damages | Snell & Wilmer, Denver, CO | | Plaintiff | Y | Y | |
| 2017 | Credit Union in Colorado | | Forensic Accounting | | | | Y | | |
| 2017 | IN THE MATTER OF JOSHUA ROBERT PARADISO and NICHOLAS CHARLES PARADISO, Protected Persons | District Court, Las Animas County, CO | Forensic Accounting and Damages | | | District Court | Y | | Y |
| 2017 | IN THE MATTER OF THE TRUST CREATED BY JOHN B. VILLANO, SETTLOR | Jefferson County District Court | Forensic Accounting and Damages | | | Public Administrator & Successor Trustee Virginia Frazer-Abel | Y | | |
| 2018 | ELITE NEUROMONITORING, LLC, a Colorado Limited Liability Company v. ASCENT MEDICAL, LLC, a Colorado Limited Liability Company; JILLIAN CONDER, an individual, and; THOMAS RUBINSON, an individual | District Court, Arapahoe County, Colorado | Damages | Baird Quinn, LLC | | Defendants | Y | | |
| 2017 | NBH CAPITAL FINANCE, A DIVISION OF NBH BANK, N.A. v. TIMOTHY A. LUCAS AND J.T. SUSSMAN | Unites States District Court for the District of Colorado | Damages and forensic accounting | Markus Williams Young & Zimmerman, LLC | | Plaintiff | Y | | Y |
| 2017 | PEOPLE v. JERRALD GREEN | District Court, City and County of Denver | Forensic Accounting and Financial Analysis | | Law Offices of Elizabeth Espinoza Krupa, LLC | Defendant | Y | | |
| 2017 | WOOD GROUP PSN, INC v. BRANDON STEPHENS, STUART GOBLE, and STC ENTERPRISES, LLC | Unites States District Court for the District of Colorado | Forensic Accounting and Damages | N. Reid Neureiter, Wheeler Trigg O'Donnell, LLP | | Plaintiff | Y | | |
| 2017 | THE PEOPLE OF THE STATE OF COLORADO, Complainant, v. RICHARD D. GARCIA, Respondent | Supreme Court, State of Colorado | Financial Monitoring | | | Office of Attorney Regulation | Y | | |
| 2017 | Kush Gardens, LLC | | Financial and Forensic Analysis | The Feder Law Firm | | | Y | | Y |
| 2017 | Bank of the West | | Account/Financial Analysis | | | | Y | | |
| 2017 | Town of Parker, Colorado and Parker Lincoln Retail, LLC, v. 19201 E. Lincoln, LLC; and Accelerated Services, LLC; and 19185 E. Lincoln Ave., LLC: A and A Quality Appliance, Inc. d/b/a Appliance Factory Outlet Inc.; and, Car Parker Land L.L.C. | Douglas County District Court 18th JD | Damages | | Fox Rothchild, Christopher Dawes, Esq. | Defendant | Y | | |
| 2017 | Member, Special Litigation Committee for Buffalo Resources, LLC | District Court, Morgan County, CO | Financial and Forensic Analysis | | | | Y | | |
| 2017 | McWHINNEY HOLDING COMPANY, LLLP, a Colorado Limited Liability Limited Partnership; McWHINNEY CENTERRA LIFESTYLE CENTER, LLC, a Colorado Limited Liability Company, derivatively on behalf of CENTERRA LIFESTYLE CENTER, LLC, a nominal defendant, v. POAG & MCEWEN LIFESTYLE CENTERS - CENTERRA, LLC, a Delaware Limited Liability Company; POAG & MCEWEN LIFESTYLE CENTERS, LLC, a Delaware Limited Liability Company; POAG LIFESTYLE CENTERS, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive, and Nominal Defendant:  CENTERRA LIFESTYLE CENTER, LLC, a Delaware Limited Liability Company | District Court, Larimer County, State of Colorado | Lending Standards and Practices | | Otis, Bedingfield & Peters, LLC | Defendant | Y | Y | Y |
| 2017 | LINKERS PRODUCTS CORP., *Plaintiff/Counterclaim Defendant v.* (Lead Case) CANARY LLC, *Defendant/Counterclaimant* TIGER VALVE COMPANY, LLC, *Plaintiff/Counterclaim Defendant v.* (Consolidated with Lead Case) CANARY LLC, *Defendant/Counterclaimant.* | Unites States District Court for the Southern District of Texas, Houston Division | Damages | | Lambourn Law Firm, PLLC | Defendant / Counterclaimant | Y | Y | |

TRUSTEE'S APPX 088

**Gary Schwartz**                                                                                                          **Exhibit A**
**CV - As of September 21, 2021**

| YEAR | CASE DESCRIPTION / CAPTION | JURISDICTION | SUBJECT | PLAINTIFF LAW FIRM / LAWYER | DEFENDANT LAW FIRM / LAWYER | CLIENT | REPORT | DEPOSITION TESTIMONY | TRIAL TESTIMONY |
|------|---------------------------|--------------|---------|----------------------------|----------------------------|--------|--------|----------------------|-----------------|
| 2017 | THE DEPENDABLE CORPORATION, a Colorado corporation v. BUILDERS INSURANCE GROUP, INC., a Georgia corporation; WESTERN PACIFIC INSURANCE NETWORK, a Colorado corporation; DAY LARSEN PEDERSEN INSURANCE, a Colorado corporation; ALEX PEDERSEN, an individual; and ADRIAN NEACSU, an individual | District Court, County of Adams | Financial analysis and Damages | | Holland & Knight, LLP | Various | Y | | Y |
| 2017 | A Colorado Financial Institution | | Forensic Analysis | | | | Y | | |
| 2017 | A Colorado Petroleum Operations company | | Financial Analysis | | | | Y | | |
| 2016 | NMREA AFC 1, LLC, a New Mexico Limited Liability Company, et al. v. THE FIRST NATIONAL BANK OF SANTA FE, and NATIONAL LOAN ACQUISITIONS COMPANY | State of New Mexico, County of Bernalillo, Second Judicial District Court | Banking Standards and Practices, Lending | Atkinson, Thal & Baker, P.C. | | Plaintiff | | | |
| 2016 | AMERIGAS PROPANE, INC. v. THOMAS MCBRAYER, an individual, and ROARING FORK VALLEY CO-OP ASSOCIATION, a Colorado Corporation | Unites States District Court | Damages | Reed Smith & Hall & Evans | | Plaintiff | | | |
| 2016 | VIRTELLA TECHNOLOGY SERVICES INCORPORATED, a Deleware corporation v. ANDREW FUNK | District Court, City and County of Denver, Colorado | Damages, financial analysis | Various | The Feder Law Firm | Defendant | | | |
| 2016 | Appointed as "Independent Auditor" by parties in Partnership Dispute | District Court, Weld County, Colorado | Forensic Accounting & Financial Analysis. | | | Court | Y | | |
| 2016 | Forensic Accounting and Fraud Investigation for an Oil & Gas related Company | | Forensic accounting and Fraud Investigation | | | Alleged Victim | Y | | |
| 2016 | Copper Hound Coffee Co., LLC v. Lawrence T. Chavez a/k/a Larry Chavez and South Target Village Center, LLC, | District Court, City and County of Denver, Colorado | Damages | | Dagner, Schluter, Mitzner, Werber, LLC | Defendant | Y | | |
| 2016 | TRAJAN ASSETS IV, LTD., a Colorado LLC v. BRENT C. SYNDER, CHAD I. RENNAKER, AND PACIFCAP PROPERTIES GROUP, LLC, an Oregon LLC | District Court, City and County of Denver, Colorado | Bank Lending Standards and Practices | Allen & Vellone | Wheeler Trigg & O'Donnell, LLP | Defendant | Y | | |
| 2016 | State Central Bank v. John F. Berzanskis | District Court, Lee County, Iowa | Bank Lending Standards and Practices | Simmons Perrine Moyer Bergman PLC, Cedar Rapids, IA | Meardon, Sueppel & Downer P.L.C., Iowa City, IA | Defendant | Draft | | |
| 2016 | Forensic Accounting and Fraud Investigation for an Insurance Company with headquarters in Denver, Colorado | | Forensic accounting and Fraud Investigation | | | Alleged Victim | Y | | |
| 2016 | The People of Colorado vs TAUFEN, CURT RONALD | DISTRICT COURT, SUMMIT COUNTY, COLORADO | Forensic Accounting and Financial Statement Analysis | DISTRICT COURT, SUMMIT COUNTY, COLORADO | N/A | Plaintiff | Y | | |
| 2016 | IN THE MATTER OF THE ESTATE OF JULIA ANN TYLER, also known as JULIA M. TYLER, NANCY TYLER, NANCY McMAHON EDWARDS, JULIA ANN McMAHON AND NANCY McMAHON, Deceased | Probate Court, City and County of Denver | Forensic Accounting Review and Analysis | Chayet & Danzo | Various | Estate | Y | | |
| 2015 | CGC HOLDING COMPANY, LLC, a Colorado limited liability company; HARLEM ALGONQUIN LLC, an Illinois limited liability company; and JAMES T. MEDICK; on behalf of themselves and all others similarly situated, Plaintiffs, v. SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham; et al., Defendants. | United State District Court, District of Colorado | Damages, Forensic accounting, Lending Practices | Wilentz, Goldman & Spitzer, P.A. and Shepherd, Finkelman, Miller & Shaw, LLP | Various | Plaintiff | Y | | Y |
| 2015 | IN THE MATTER OF THE ESTATE OF JAMES J. SHEERAN, Deceased | Superior Court of New Jersey, Mercer County, Chancery Division, Probate Part | Forensic Accounting, Damages | Opes Law, Boulder, Colorado | | Beneficiary | Y | Y | |
| 2015 | Forensic Accounting and Fraud Investigation for bank in Texas | Forensic accounting and Fraud Investigation | | | | | Y | | |
| 2015 | LYLE BYRUM v. WELLS FARGO BANK, National Association, a national banking firm | DISTRICT COURT, EAGLE COUNTY, COLORADO | Bank Lending Standards and Practices | Snell & Wilmer, Denver, CO | | Plaintiff | Y | | |
| 2015 | BALL FOUR, INC., PLAINTIFF, v. FB ACQUISITION PROPERTY I, LLC, AS SUCCESSOR IN INTEREST TO 2011-SIP-1 CRE/CADC VENTURE, LLC AS SUCCESSOR IN INTEREST TO FIRSTIER BANK, DEFENDANT | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO | Damages, Banks and lending standards | Allen & Vellone | Holland & Hart | Plaintiff | Y | Y | |

TRUSTEE'S APPX 089

**Gary Schwartz**

**Exhibit A**

**CV - As of September 21, 2021**

| YEAR | CASE DESCRIPTION / CAPTION | JURISDICTION | SUBJECT | PLAINTIFF LAW FIRM / LAWYER | DEFENDANT LAW FIRM / LAWYER | CLIENT | REPORT | DEPOSITION TESTIMONY | TRIAL TESTIMONY |
|---|---|---|---|---|---|---|---|---|---|
| 2015 | CHARLES SCHWAB BANK, N.A., Plaintiff v. RICHARD J. SINGER, DANIEL CONROY, et. al., Defendants v. RICHARD J. SINGER, DANIEL CONROY, et al., Counter-Plaintiffs, v. CHARLES SCHWAB BANK, N.A., TRG OASIS (TOWER TWO), LTD., TRG OASIS (TOWER II), LLC, THE RELATED GROUP, RELATED FLORIDA, LLC, RELATED GENERAL OF FLORIDA, LLC, ACCURATE REALTY & APPRAISAL SERVICES, INC., TARA L. WING, KEVIN O'BRIEN AND BANK OF AMERICA, N.A., Counter-Defendants. | In the Circuit Court of the Twentieth Judicial Circuit in and For Lee County, Florida | Banking and Lending standards and practices, Damages | Greenstein & Associates, LLP, Richard Lubliner, Esq. | | Plaintiff | Y | Y | |
| 2015 | State of Colorado, et al. v. The Castle Law Group, LLC; Absolute Posting & Process Services, LLC; RE Records Research, LLC, d/b/a Real Estate Records Research; Colorado American Title, LLC; Lawrence E. Castle; Caren A. Castle; Ryan J. O'Connell; and Kathleen A. Benton. | District Court, City and County of Denver, State of Colorado | Damages, financial and forensic analysis | State of Colorado, Attorney General's Office | | Plaintiff | Y | | |
| 2015 | Piper Billups and Chauncey Billups v. Haley Custom Homes, LLC a Colorado Limited Company and Daniel Haley Fuller | District Court, Arapahoe County, Colorado | Damages, financial and forensic analysis | Fox Rothchild, Patrick Casey, Esq. | Brownstein Hyatt Farber Schreck, LLP | Plaintiff | Y | | |
| 2015 | Financial analysis and investigation, Garfield County. | | | | | Alleged Victim | Y | | |
| 2015 | BRIAN GURINSKY, BOTH INDIVIDUALLY AND ON BEHALF OF THE INDIVIDUAL RETIREMENT ACCOUNT OF BRIAN GURINSKY v. SHAREHOLDERS SERVICE GROUP, INC. AND PERSHING, LLC., | Arbitration Proceedings Before the Financial Industry Regulation Authority | Fraud, Banking standards and practices | Pendleton Wilson Hennessey & Crow P.C. | Various | Plaintiff | | | Y |
| 2015 | In Play Golf Memberships, LLC | n/a | Appointed as Financial Monitor for lender | | | | Y | | |
| 2015 | CHARLES SCHWAB BANK, N.A., Plaintiff v. RICHARD J. SINGER, DANIEL CONROY, et. al., Defendants v. RICHARD J. SINGER, DANIEL CONROY, et al., Counter-Plaintiffs, v. CHARLES SCHWAB BANK, N.A., TRG OASIS (TOWER TWO), LTD., TRG OASIS (TOWER II), LLC, THE RELATED GROUP, RELATED FLORIDA, LLC, RELATED GENERAL OF FLORIDA, LLC, ACCURATE REALTY & APPRAISAL SERVICES, INC., TARA L. WING, KEVIN O'BRIEN AND BANK OF AMERICA, N.A., Counter-Defendants | Circuit Court of the Twentieth Judicial Circuit in and Fort Lee County, Florida | Damages, banking standards and practices | Greenstein & Associates, LLP, Richard Lubliner, Esq. | | Defendant | Y | Y | |
| 2015 | BRADLEY PARKER v. JAMES E. FLYNN and BRON TAPES HOLDING, INC., a Colorado corporation and Counter Claims | District Court, City and County of Denver | Damages, forensic analysis | | Sherman & Howard, Tamir Goldstein, Esq. | Defendant | Y | | |
| 2015 | CURTIS D. STEPAN and BROOTEN SERVICE, LLC v SANDER ORENT and ALPHA REHABILITATION, PLLC and ARBOR OCCUPATIONAL MEDICINE, PROFESSIONAL LLC, Case Number 2013CV31425 | District Court, Boulder County, State of Colorado | Damages, financial analysis, forensic analysis | | Jones & Keller, Daniel Wartell, Esq. | Defendant | Y | Y | Y |
| 2015 | FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OR UNITED WESTERN BANK, Plaintiff, v. CHARLES J. BERLING, JAMES H. BULLOCK, ANTHONY C. CODORI, BERNARD C. DARRÉ, GARY G. PETAK, WILLIAM D. SNIDER, CINDY J. STERETT, JOHNS S. UMBAUGH, AND SCOT T. WETZEL, CASE NO. 14-cv-00137-CMA-MJW | In The United States District Court District Of Colorado | Banking standards and practices, regulatory issues | | Williams & Connolly, LLP, Ryan Scarborough | Defendant | Y | Y | |
| 2015 | RESON LEE WOODS and SHAUN K. WOODS, Plaintiffs, vs. THE FIRST NATIONAL BANK OF DURANGO, a chartered National Bank; TONY DIASIO, individually, and BANKNOTE CAPITAL CORPORATION, an Illinois Corporation, Defendants. Civil Action No. 11-CV-02676-WYD-CBS | | Damages, banking standards and practices | David H. Wollins, P.C. | | Plaintiff | Y | | Y |
| 2015 | FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SECURITY SAVINGS BANK, v. KELLY JONES, STEPHEN DERVENIS, and THOMAS PROCOPIO., | In the United States District Court, District of Nevada | Banking standards and practices, regulatory issues | Nossman, LLP | Williams & Connolly, LLP, Ryan Scarborough | Defendant | Y | Y | |
| 2015 | BRADLEY PHILLIPS, M.D., an individual, and PHILLIPS SURGICAL, P.C., a Colorado professional corporation, v. HCA-HEALTHONE, LLC d/b/a SWEDISH MEDICAL CENTER, a Colorado limited liability company, and DENETTA SUE SLONE, M.D., in her individual capacity, re: damages. | | Damages | The Feder Law Firm | Davis Graham & Stubbs | Defendant | Y | Y | |
| 2015 | THE CORNERSTONE LOT OWNERS GROUP, LLC, a Colorado Limited Liability Company and CORNERSTONE OWNERS ASSOCIATION, INC., a Colorado Corporation, Plaintiffs v. CSPE028, LLC et al., Defendants | District Court, Ouray County | Damages, financial analysis | Gregory, Golden & Landeryou, LLC, Daniel Gregory, Esq. | | Plaintiff | Y | | |
| 2015 | Financial and forensic Analysis and regulatory review of property management company. | | Financial analysis and forensic accounting | Frascona, Joiner, Goodman and Greenstein, Jordan May, Esq. | | | Y | | |

TRUSTEE'S APPX 090

**Exhibit B**

## FACTS OR DATA CONSIDERED

1. Trustee's Third Amended Complaint filed May 19, 2021.

2. Memorandum Opinion and Order on Matrix Defendants' Motion to Dismiss: (A) Denying it as to Counts 1-3 & 6-7: (B) Granting it as to Count 4 (With Consent of Plaintiff): And (C) Granting Plaintiff 14 days' Leave to Amend as to Counts 8-10. filed May 5, 2021.

3. Caldwell and Partners, Inc. et al v. Matrix Trust Company Stipulations of Facts and Chronology.

4. Deposition transcript of Diane Hicks from July 16, 2019.

5. Deposition transcript of Diane Hicks from August 31, 2021.

6. Deposition transcript of Will Beutelschies from July 15, 2019.

7. Deposition transcript of Will Beutelschies from August 20, 2021.

8. Deposition transcript of Eric Schmitt from July 16, 2019.

9. Deposition transcript of Eric Schmitt from August 18, 2021.

10. Deposition transcript of Mary Mohr from September 22, 2021.

11. American Arbitration Association in the matter of Midlands Management v Matrix Trust Company hearing transcripts from August 5, 2019, August 6, 2019 and August 16, 2019.

12. Annual Custodial Financial Statements as of December 31, 2014; December 31, 2015; December 31, 2016; and October 27, 2017.

13. Documents provided by Counsel labeled Bates Nos. MTC_CALDWELL_004113-014, 004131-32, 004181-82, 005431-37, 005285-97, 005298-5203, 005375-70, 005728-39, 005956-64, 005444-49, 005277-84, 007330 -32, and 007338-40.

14. Documents provided by Counsel labeled Bates Nos. MATRIX_MBA_004330-35, 4471-4502, 00000011, 0000027-35, 00000040-47, 00000111-113, 0000260-63, 0004670, 0004676, 0006199, 0007451, 0007517, 0007562, and 0010578-680.

15. Native format Excel file named: A – MBA Disbursement Report – Sorted.

16. Native format Excel file named: C – All Other Victims Disbursement Report – Sorted and Highlighted.

17. PDF file named: F – Caldwell Custodial Account Agreement.

TRUSTEE'S APPX 091

18. MBA financial statement provided by Vantage for the periods October 1, 2015 through December 31, 2015, and April 1, 2016 through June 30, 2016.

19. Demographic, historical and financial information on Matrix Trust Company available at https://www.ffiec.gov/NPW.